### 8048

### STATE v. GARLINGTON.

1. PLEADINGS—QUASHING INDICTMENT—APPEAL.—Where defendants are convicted on one of several counts in an indictment, whether any crime is charged in the other counts becomes speculative and need not be considered in absence of any showing of prejudicial error in admission of evidence in support of these counts.

2. EVIDENCE—APPEAL.—The allegation that testimony was merely irrelevant should not be considered in absence of allegation or showing of prejudice to the appellant by reason of such admission.

3. DIRECTING VERDICT.—If it be error in Circuit Judge to decline to entertain a motion to direct a verdict in a criminal case at close of evidence for the State until all the evidence is in, it is cured by his hearing such motion after announcement by defendant that he would offer no evidence and after refusal of motion offering him the opportunity to present evidence in his defense.

4. BREACH OF TRUST.—There was competent evidence in this case tending to show the appellants as officers of the Seminole Securities Company, acting in consert, misapplied and appropriated to their own use moneys belonging to the said company and then held by them in trust, with the fraudulent intent of depriving the company of them.

5. OPENING AND REPLY.—Where a defendant in a criminal case is given the right to open and reply, he cannot complain if the State is not required to open where his right to reply is not in anyway limited to the points made by the State.

6. LARCENY.—In a prosecution for larceny, the jury in passing on the issue of felonious intent should consider whether the taking was open and notorious and whether there was any attempt to conceal or deny the taking.

7. REHEARING *refused.*

Before PRINCE, J., Richland,              191...    Affirmed.

Indictment against John Y. Garlington and James Stobo Young. Defendants appeal.

*Messrs. Dial* and *Todd, B. L. Abney, R. E. Carwile* and *Christie Benet,* for appellants. *Mr. Abney* cites: *The first three counts should have been quashed:* 33 S. C. 115; 86 S. C. 367; 1 Bail. 144; 5 S. C. 120; 33 S. C. 111; 87 S. C. 535.

*Share of stock is not the subject of larceny:* 1 N. & McC. 9 ;
2 Bish. Cr. L., sec. 769. *Motion to direct a verdict should
be entertained at close of State's evidence:* 22 Pac. 840 ; 41
How. Pr. 179 ; 28 N. W. 484 ; 49 N. Y. 137 ; 27 L. Ed. 266 ;
56 Fed. 76 ; 156 U. S. 51. *Right to open and reply:* 4 Md.
30 ; 2 Bay 451 ; 22 S. C. 298. *Presumption if taking was
open:* 3 A. S. R. 691.

*Messrs. Christie Benet* and *R. E. Carwile* cite : *A share
of stock is not the subject of larceny:* 42 Mo. App. 39 ; 91
N. Y. 483 ; 1 Cook on Corp. 58 ; 1 R. I. 165 ; 37 Mo. 524 ;
55 Am. R. 123 ; 102 Mass. 253 ; 21 N. E. 860 ; 61 Fed. R.
449 ; 2 McC. 529 ; 4 Black. 396-7, 234 ; 18 Ency. 515 ; 1 N.
& McC. 39 ; Crim. Code 147 ; 3 Stat. 468 ; Geo. II 1729-35,
p. 69, ch. 25. *Subjects of larceny under statutes: Arkansas*
Code 1884, secs. 1623, 1124, 1625 ; *California* Code 1886,
secs. 492, 494 ; *So. Dakota* Code 1902, secs. 1206-7 ; *Dela-
ware* Code 1893, 936 ; *Florida* Code 1906, sec. 3288 ;
*Georgia* Code 1885, sec. 167 ; *Illinois* Code 1885, sec. 215 ;
*Indiana* Code 1889, sec. 1809 ; *Washington* Code 1891, sec.
50 ; *Iowa* Code 1873, sec. 3902 ; *Oregon* Code 1902, sec.
1798 ; *Utah* Code 1897, sec. 1155-3 ; *Wisconsin* Code 1898,
sec. 4415 ; *Kentucky* Code 1894, sec. 1161 ; *Louisiana* Code
1884, 135 ; *Maryland* Code 1888, sec. 158 ; 48 Md. 27 ; 62
Md. 412 ; *Massachusetts* Code 1902, sec. 25 ; *Vermont* Code
1895, secs. 49, 39 ; *Minnesota* Code 1891, sec. 6398 ; *Missis-
sippi* Code 1906, sec. 1254 ; *Missouri* Code 1899, sec. 1902 ;
*Kansas* Code 1901, secs. 2075, 2069 ; *Nevada* Code 1900,
sec. 4818 ; *Montana* Code 1895, sec. 889 ; *Nebraska* Code
1901, sec. 2187 ; *New Hampshire* Code 1891, sec. 3 ; *New
Mexico* Code 1897, sec. 1115 ; *North Carolina* Code 1905,
sec. 3598 ; *Ohio* Code 1891, sec. 6794 ; *Rhode Island* Code
1896, 984 ; *Tennessee* Code 1884, sec. 5457 ; *Texas* Code
1879, art. 732 ; *Utah* Code 1907, sec. 4363 ; *Virginia* Code
1887, secs. 3708, 2709 ; 32 Grat. 866 ; 24 Grat. 525 ; 23 Grat.
949 ; 13 Grat. 757 ; *West Virginia* Code 1889, 954 ; 26 W.

V. 750; 26 W. V. 54; *Wyoming* Code 1877, sec. 901; *Colorado,* sec. 753, Code 1883. *Indictment should allege value of shares of stock:* 2 McC. 527; 87 S. C. 535. *Motion to direct verdict at close of State's evidence is proper proceeding:* 82 S. C. 368; 75 S. C. 201; 2 Ida. 148; 185 Fed. 102; 138 U. S. 361; 164 U. S. 676; 106 U. S. 700; 46 At. 339; 112 Fed. 918; 107 Fed. 360; 151 U. S. 50; 205 U. S. 86; 15 Or. 256; 41 How. Pr. 179; 68 S. C. 184; 36 Mo. 203; 61 S. C. 22. *A stockholder cannot defraud a corporation by an act approved and ratified by it:* 19 L. R. A., N. S. 115; 40 N. E. 364; 78 S. C. 404; 28 S. C. 142; 66 S. C. 510; 129 Fed. 397; Thomp. on Corp., sec. 2049; 87 S. W. 29.

*Messrs. Solicitor W. Hampton Cobb* and *J. Wm. Thurmond,* contra, cite: *Defendants cannot deny they had the power to issue the stock:* 21 S. C. 353. *Definition of conspiracy:* 11 S. C. 195; 8 Cyc. 620, 667. *Conduct of case is in hands of trial Judge:* 33 S. C. 100. *Motion to direct not stating wherein proof has failed should not be considered:* 12 Cyc. 596. *Record must show prejudicial error:* 30 S. C. 262; 17 S. C. 66; 83 S. C. 34; 81 S. C. 367; 63 S. C. 178. *Court should not consider motion to direct:* 52 S. C. 583; 99 Mass. 605; 51 Fed. 562; 6 Ency. P. & P. 693-4, 698; 85 Mich. 550; 89 Mich. 387; 105 Cal. 262; 33 Ency. 96; 1 Wall. 395; 9 Mo. 116; 2 Thomp. on Trials 1624; 63 S. C. 641. *Agent is guilty of breach of trust by keeping money of principal:* 40 S. C. 325; 53 S. C. 533.

The opinion in this case was filed November 13, 1911, but remittitur held upon petition for rehearing until

December 1, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The appellants, having been brought to trial upon an indictment containing five counts,

were found guilty upon the fourth count only, and now appeal to this Court from the judgment and sentence. The fourth count, upon which the conviction was had, charges a breach of trust by the said defendants by the conversion to their own use of the sum of fifty five thousand five hundred and ninety-six dollars in money, of the property of the Seminole Securities Company, intrusted to the defendants and converted to their own use with fraudulent intention.

It is alleged in the first ground of appeal that there was error in the refusal of a motion made by the defendants at the trial to quash the first, second and third counts of the indictment upon certain grounds then stated. In the view taken by this Court, however, it is not necessary here to set out the grounds of this motion in detail; but it is sufficient to say that the motions involved no charge of duplicity or improper joinder of counts but were merely demurrers to the legal sufficiency of the averments contained in the said three counts.

As the defendants were acquitted by the verdict upon each of the counts so sought to be quashed, it is somewhat difficult to perceive how they could have been prejudiced by any alleged error in refusing to quash these counts. It is true that it is charged by the appellants in this exception that, by reason of the refusal to quash these counts, certain evidence was admitted as relevant and competent which could not otherwise have been introduced, and that thereby the defendants suffered prejudice. While, however, it is so charged in general terms that irrelevant and incompetent evidence was so admitted, it has not been made to appear that either of the defendants has thereby been prejudiced. The defendants having been found guilty upon the fourth count only, the question as to whether any crime was sufficiently charged in the other counts of the indictment becomes purely speculative, and it need not be considered in the absence of any showing of prejudicial error in the admission of evidence in support thereof. *State* v. *Dalby,* 86 S. C. 367, 68 S. E. 633.

The second and third exceptions assign error in the admission of testimony as to the value of the stock of the Carolina Agency Company at a time subsequent to the transfer of such stock by the defendant Garlington to the Seminole Securities Company, it being contended that only the value of the stock at the time of the transfer was relevant or material. Assuming that the evidence in question was immaterial and irrelevant, no showing has been made that any prejudice has resulted to either of the defendants in consequence of its admission. Even if it be true, as claimed in argument by appellants here, that "the subsequent value could not throw any light on the issue," it does not follow that prejudicial error was committed in receiving this evidence. If a Circuit judgment is to be reversed in every instance in which any evidence is admitted which does not throw light upon the issue, there would be few cases in which the granting of a new trial would not be rendered necessary by the intrusion of some particle of testimony. The contention in these exceptions being merely that the evidence in question was irrelevant, and there being no allegation nor showing of prejudice to the defendants by reason of its admission, it is not necessary to consider the question of its materiality to the issue under the count of the indictment upon which the appellants were convicted.

The fourth, fifth, sixth and sixteenth exceptions seek to present the question as to whether there was error in refusing to entertain a motion made by the defendants at the conclusion of the evidence in behalf of the State for the direction of a verdict of acquittal. Upon this point, the record shows that, at the close of the evidence in chief, upon a motion by the counsel for defendants for the direction of a verdict of not guilty, the presiding Judge would not then entertain the motion, announcing it to be his practice not to consider such motions until the entire evidence in the case was concluded. It further appears, however, that, after said ruling had been made, the defendants

announced that they would introduce no evidence, where-upon the motion for a direction of a verdict of not guilty was renewed, and, after full argument, was refused by the presiding Judge. Thereafter, the presiding Judge ruled that the defendants would be permitted to introduce evidence in their own behalf, if they so desired, stating that he would allow such evidence as matter of right on part of the defendants.

If there was any error therefore, in the original ruling of the Circuit Judge upon this point, it was clearly cured by the subsequent decision allowing the defendants to offer evidence in their own behalf. Practically, the action of the presiding Judge in this particular was tantamount to according to the request of the defendants that their motion for the direction of a verdict might be heard and, if refused, they should then be permitted to offer evidence in their defense. This motion for direction of verdict having thus been heard at the conclusion of the evidence on behalf of the State, and the defendants having thereafter been given full opportunity to introduce evidence in their own behalf, they cannot be permitted to decline to take advantage of such opportunity and thereafter be heard to complain of a ruling alleged to be erroneous which did not in any way deprive them of any substantial right and which is not shown to have in any degree affected the result of the trial.

The seventh exception alleged error in refusing to grant the said motion for the direction of a verdict of acquittal upon each of the counts of the indictment. As, however, the defendants were in fact acquitted upon all the counts except the fourth, it will only be necessary to consider this exception in so far as it relates to that particular count. With reference to this count, the averment is in general terms that there was no evidence of any conversion by defendants to their own use of any moneys as alleged nor any testimony or evidence tending to show any breach of trust with fraudulent intent committed by said

defendants. Without undertaking to rehearse the evidence upon this point, it is sufficient to say that there was competent tesimony for the consideration of the jury, tending to show that the defendant J. Y. Garlington, as president and director of the Seminole Securities Company, and the defendant James Stobo Young, as secretary and director of the said company, acting in concert, misappropriated and converted to their own use, moneys belonging to the said company and then held by them in trust, to the amount of several thousand dollars, and that the defendants so made use of the said moneys with the fraudulent intention of depriving the said company and the stockholders thereof of their property therein. Such being the evidence tending to establish the breach of trust as charged, there was no error by the presiding Judge in refusing the motion to direct a verdict of acquittal as to either of the defendants upon this count of the indictment.

The substantial question sought to be presented by the eighth, ninth and tenth grounds of appeal relates to the right to the opening and reply in argument before the jury. It appears that the presiding Judge ruled that the defendants had the right to such opening and reply; and the only question of any moment which can be considered as raised by these exceptions is as to whether the State is required to make the opening argument to the jury in a case where the defendant has the right to open and reply. As to this question it is to be noted that the matters of detail as to the order in which a number of arguments on behalf of the State and of the defendant shall be made is ordinarily to be left to the sound discretion of the presiding Judge, and there is no complaint here of any abuse of discretion in this particular. No doubt, the defendant in a criminal case, where he has a right to open and reply in argument, may waive either or both of those rights. It may be true, furthermore, that the defendant in a criminal case, having

the right to reply in argument by reason of not introducing evidence, may decline to open in argument and still retain the right to make the closing argument to the jury, either upon the case in general or by way of reply to any contention on the part of the State. But no such question is presented here, as the defendants were not *required* to open in argument to the jury in any such sense as would limit their reply to the points made in the opening address to the jury. These exceptions, therefore, cannot be sustained, since there is no ground for contending that any substantial right of defendants in the matter of argument was either abridged or denied to them.

When the charge of the trial Judge is considered as a whole, it will be found free from error in any of the particulars to which reference is made in the remaining exceptions.

The weight to be given to any evidence in the case being entirely a matter for determination by the jury, the presiding Judge committed no error in refusing to charge the jury, as requested by the defendants, that, on a prosecution for larceny, "a strong presumption arises that there was no felonious intent, if the taking was open and notorious; and that if there was no subsequent attempt to conceal the property and no denial but avowal of the taking, this presumption must be repelled by clear and convincing evidence." A charge in the language of the request just quoted would have been an invasion of the province of the jury and a violation of the constitutional inhibition against the expression of an opinion as to the weight to be given to the testimony in the case. All that the defendants had the right to ask upon this point was granted by the trial Judge when he charged that any evidence as to the taking being open and notorious, as to the absence of any attempt to conceal the property and as to there being no denial but an avowal of the taking, should be considered by the jury in determining the issue as to felonious intent. The charge

10—90

was free from error in any of the particulars as to which complaint is made by these exceptions.

The judgment of the Circuit Court is affirmed.

7        Petition for rehearing refused on December 1st, 1911.