THE STATE v. RICHARDSON.

1. MANSLAUGHTER—HARMLESS ERROR.—In a murder case, where the defense is self-defense, it is error in the Circuit Judge, after giving the usual definition of manslaughter, to add, "And he must have been guiltless of bringing on the conflict or difficulty;" but as the defendant was convicted of manslaughter, it is here harmless error.

2. EXCEPTIONS—CASE—CHARGE.—If any part of a Judge's charge, or his rulings, are desired to be reviewed on appeal, the basis of such review must be set out in the "Case."

3. IBID.—REQUESTS.—Since the defendant was convicted of manslaughter, the other exceptions, based on the refusal to charge certain requests as to murder, raise mere speculative questions.

Before TOWNSEND, J., Spartanburg, January, 1896. Affirmed.

Indictment against Aleck Richardson, Andy Thompson, and Sanford Howser, for murder. Richardson and Thomp-

son were convicted of manslaughter.　Richardson appeals from the judgment on the following exceptions:

That his Honor, the presiding Judge, erred in charging the jury as follows:

1. "So manslaughter is the unlawful killing of a human being in sudden heat and passion, upon a sufficient legal provocation; and the fatal blow must have been struck before the party cooled or before he should have cooled, and he must have been guiltless of bringing on the conflict or difficulty.

2. "And if I were to undertake to analyze (*i. e.*, the law,) and show you how much of it applies to conspiracy, and how much of it applies to riotous assemblages, etc., I am satisfied that you would be confused beyond all reason. And, therefore, I say to you simply, that all persons who were aiding and abetting in the commission of a crime of this kind and encouraging it are equally guilty."

Whereas, since the law of conspiracy was so very important in this case, the Circuit Judge should have analyzed and explained the principles of the law of conspiracy more fully, as by declaring that there must be such a common design or purpose in all to commit a crime as to make the one who committed the crime the agent or instrument of all the others in the accomplishment of their common design or purpose; otherwise, only the one who committed the crime can be held guilty.　And unless each one of the alleged conspirators knew and consented to and aided in the accomplishment of the common design, one ignorant of and not consenting to and assisting in such common design of others, or the design of another, cannot be held guilty. And other such principles of law applicable to this case.

3. "Now, to charge you that, gentlemen, would be to undo all that I have charged you.　If, although Aleck Richardson might not know that the others were present, aiding and abetting him, and one of those others killed him, they may have killed him, Aleck himself aiding and abetting them.　Suppose the circumstances are as supposed in this

paper (request to charge), that Aleck Richardson did not know that the others were aiding and abetting him, and that one of the others killed him, it may be, gentlemen of the jury—I am not stating facts—it may be that the other one killed him, because Aleck was there, aiding and abetting him; that would not let Richardson out. He would be equally guilty with the other fellow that did kill him. You understand that, I think."

In refusing to charge the jury as requested by defendant's counsel as follows:

4. "If the jury believe that Aleck Richardson did not know, when he committed the battery on John Brown, the deceased, in the house, and when he ran out after the deceased, that Andy Thompson and William Jenkins, or the unknown man, were aiding and abetting him, or were attempting to aid or abet him, in an unlawful act—that is, if such aiding and abetting were done without the knowledge and consent of Aleck Richardson, and the deceased was killed by one of the other parties, to wit: Andy Thompson or William Jenkins—then you cannot find Aleck Richardson guilty of murder; because it is the duty of the State to prove beyond a reasonable doubt that there was a common design or common purpose on the part of Aleck Richardson himself with the other parties to commit an unlawful act.

5. "It must be proven beyond a reasonable doubt either that the defendant himself feloniously and willfully gave the mortal blow, or that he was feloniously present, aiding and abetting and assisting in the commission of the murder, so that the man who struck the blow may be regarded as the agent or instrument of all in their common purpose to commit the crime.

6. "Where a prisoner is charged with aiding and abetting a murder, he cannot be convicted unless it be proven that he knew that the murder was intended; and it is not enough to show that he was merely present or went with the murderer, or helped in what he did, unless it be further shown

that he knew that the perpetrator intended to commit a crime."

*Messrs. Thomason & Bomar*, for appellant, cite *State* v. *Ply & Rochelle*, 2 Brev., 345, 346; *State* v. *Putnam*, 18 S. C., 177, 178; 1 Am. & Eng. Ency. of Law, 64, 65, 66, 67; Whar. Crim. Law, 214, 220; Russell on Crimes, vol. 1, p. 49, n. 850; Brown Law Dic., p. 19; *State* v. *Hildreath*, 51 Am. Dec., 375.

*Solicitor Schumpert*, contra, filed no argument.

July 9, 1896. The opinion of the Court was delivered by

MR. JUSTICE POPE. These three defendants, Richardson, Thompson, and Howser, were tried at the January, 1895, term of the Court of General Sessions for Spartanburg County, for the murder of one John Brown. The verdict of the jury was an acquittal for Sanford Howser, but conviction of manslaughter, with recommendation to mercy, of the defendants, Richardson and Thompson. After the sentence had been duly passed, the defendant, Richardson, appealed from such judgment. These six grounds of appeal will be reported. It is stated in the case for appeal, that on Christmas Eve night, the two defendants, Richardson and Thompson, along with one Will Jenkins, who escaped arrest, met at the barber shop of one Amos Pilgrim, in the city of Spartanburg, and having learned that each one had his "tricks," or his "gun," or his "pistol," as the weapon carried concealed about the person are interchangeably called, they determined to go over to "Hamburg," a name given to an outlaying portion of the city of Spartanburg, "and have some fun." Accordingly they went to the house where a dance was being had. Soon after these parties reached the dance, the deceased, John Brown, was seen throwing some torpedoes about the room where the dancing was going on. Aleck Richardson, the appellant, seeing Brown throwing torpedoes about the room, went to deceased and asked him if he had thrown any torpedoes over there; to which inquiry

Brown replied, "He didn't know whether he had thrown any over there or not;" but finally said "Yes;" whereupon Aleck Richardson hit Brown in the face, and knocked him out of the door of the house—Richardson, Jenkins, and Thompson following closely upon Brown. While in the yard, and almost immediately upon the parties reaching the yard, some one of the party—thought to be Jenkins—fired a ball from a pistol into Brown's body, from which he died. As we before stated, the jury did not find the defendants guilty of the murder of this poor boy, John Brown, who, from the testimony, was only indulging in the really harmless, although rude, fun with torpedoes, and who soon afterwards found that he was not spared to enjoy another Christmas on earth. His piteous prayer after being shot, "Oh, Lord! oh, Lord!" rings in our ears at this time.

In the appellant's first ground of appeal, wherein he sets out the usual definition of manslaughter, but to which Judge Townsend added the unusual words, "And he must have been guiltless of bringing on the conflict or difficulty," he sets up that this is a reversible error. At first consideration we were inclined to agree with the appellant. No doubt exists with us, that the words we have quoted as used by the Judge in his definition of man-slaughter, are not warranted by law. To allow them as proper might lead to trouble. The very essence of man-slaughter is that tenderness of the law in judging our fellow-men, when influenced by sudden heat and passion while smarting under reasonable provocation, thus negativing the existence of malice. To add to these safeguards the require-ment that the homicide must have occurred when the de-fendant was guiltless of bringing on the conflict or difficulty, it seems to us is unwarranted. Appellant's difficulty occurs from the fact that, notwithstanding this additional require-ment of the Circuit Judge, the jury have found him guilty of manslaughter. Is this not harmless error in the Judge, so far as this defendant is concerned? Have the jury not thus found that the appellant aided and abetted in the homicide

in sudden heat and passion, upon a sufficient legal provocation, before time had elapsed in which defendant could have "cooled," and further, that he was guiltless of bringing on the difficulty? The case of *The State* v. *Jones et al.*, 21 S. C., 596, is an apt illustration of this principle. In the case cited, Judge Cothran had charged the jury that if the principal was found guilty of murder, his aiders and abettors could not be found guilty by them of only manslaughter, yet the jury did find the aiders and abettors guilty of manslaughter, whereupon they appealed to this Court. Chief Justice McIver, in rendering the opinion of the Court, said: "The Judge charged the jury 'that the jury could not find those charged as aiding and abetting guilty of manslaughter only, if the principal be found guilty of murder.' Inasmuch as defendants were found guilty of manslaughter only, an exception alleging error in this portion of the charge raises a purely speculative inquiry, in which the courts of justice ought not to indulge."

In the second exception of the appellant, he criticises the Circuit Judge for his failure to elucidate the law governing conspiracies to commit crime. In the case for appeal (and by this we must be governed), we fail to find any request made by appellant for any such specific instructions on this subject. It is true, in the appellant's argument he quotes such request, but we cannot take such facts from the arguments of counsel. If it is desired to review any alleged failure in the Circuit Judge, either in his charge to the jury or in his rulings upon the testimony, &c., the basis for such review must be laid in the case for appeal. We have been so much pleased with the young attorney for the appellant, for his argument was highly creditable to him, that we have ventured to look at the request in controversy, although it only appeared in his argument, and we are glad to be able to say that, even if this request to charge had appeared in the "Case" itself, it could not have availed him, for it relates to murder, and the jury did not find the appellant guilty of murder. Be-

sides, in the general charge of the Circuit Judge, we are pleased to find that he was careful to point out the principles of law regulating conspiracies. We must, therefore, overrule this exception.

The third and fourth exceptions are, that the Judge refused the request to charge as follows: "If the jury believe that Aleck Richardson did not know, when he committed the battery on John Brown, the deceased, in the house, and when he ran out after the deceased, that Andy Thompson and William Jenkins, or the unknown man, were aiding and abetting him, or were attempting to aid and abet him, in an unlawful act—that is, if such aiding and abetting were done without the knowledge and consent of Aleck Richardson, and the deceased was killed by one of the other parties, to wit: Andy Thompson or William Jenkins—then you cannot find Aleck Richardson *guilty of murder* (italics ours); because it is the duty of the State to prove, beyond a reasonable doubt, that there was a common design or common purpose on the part of Aleck Richardson himself, with the other parties, to commit an unlawful act." We have reproduced the exact language of the request to charge to make manifest the fact that it relates solely to the crime of murder, and, as we have often stated, the appellant was not convicted of murder. Hence it is "purely a speculative inquiry in which courts of justice ought not to indulge." This exception is overruled.

Lastly, the fifth and sixth exceptions fail to raise any practical questions for our decision, for they both related to requests to charge as to the crime of murder. They must, therefore, be overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.