6658

STATE v. PERRY.

1. EVIDENCE.—In a murder case the fact being in evidence that deceased's fence was down and his stock trespassed on defendant's crop, it is not competent to show he did not try to build a fence unless it was also made to appear the reason he did not was to permit his stock to trespass on defendant's corn.

2. ISSUES—JURY—MURDER—MANSLAUGHTER.—It is duty of Judge to define degrees of homicide and of jury to say which particular crime has been committed. Where there is some evidence tending to show defendant guilty of murder, he cannot complain if jury finds him guilty of manslaughter.

3. REHEARING refused.

Before DANTZLER, J., Saluda, August, 1906. Affirmed.

Indictment against John C. Perry for murder of Joe Denny Wills. From sentence on verdict of manslaughter, defendant appeals.

*Messrs. Johnstone* and *Cromer* and *Able & Blease,* for appellant. The former cite: *If there is no evidence to support the kind of verdict rendered, it should be set aside:* 25 S. C., 168; 14 Rich., 230; 19 S. C., 94; 25 S. C., 173.

*Solicitor R. A. Cooper* and *Messrs. Thurmond* and *Ramage,* contra, cite: *The jury alone has the power to say if defendant is guilty of any crime, and what:* 29 S. C., 43; 28 S. C., 29, 572.

The opinion in this case was filed August 5, 1907, but remittitur held up on petition for rehearing until

September 17, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY. The defendant was tried on an indictment for murder, convicted of manslaughter, with a recommendation to the mercy of the Court, and sentenced to a term of five years in the penitentiary.

He appealed upon numerous exceptions, but abandoned all except the 7th, 9th, 10th and 11th.

The 7th exception is as follows: "Because the Court erred in the following ruling, examination of Mose Farrow, testifying as to his knowledge as to cause of Wills' stock trespassing on Perry: 'Q. The Court: Why A. Because the old fence was down and they would just go right on in the corn. Q. Mr. Blease: He didn't try to build any, did he? A. No, sir. The Court: I don't know about that. Just strike that out, Mr. Stenographer. The fence was down; let that go.' The error being that the evidence shows wilful and malicious trespass, and was competent for the consideration of the jury, under the circumstances of this homicide."

It seems that the difficulty arose out of the fact, that live stock of the deceased trespassed upon the lands of the defendant. It will be observed that his Honor, the presiding Judge, permitted that portion of the testimony to remain in the record, where the witness testified that the fence was down. The further fact that the deceased did not attempt to build the fence was not material, unless it had also been made to appear that the reason he did not attempt to build was in order that his stock might trespass upon Perry's lands. This exception is overruled.

The remaining exceptions will be considered together, and are as follows: 9. "The Court erred in charging that a verdict of manslaughter might be rendered in this case, because there was absolutely no evidence of any cause for a sudden heat and passion, and the only verdict responsive to the testimony in this case should have been guilty, with or without recommendation to mercy, or not guilty.

10. "Because the jury erred in reaching a verdict of guilty of manslaughter, with a recommendation to mercy, because such verdict was not responsive to the testimony, and there is no tesimony to substantiate the same. The defendant is either guilty of murder, or he is guilty of no offense.

11. "Because the Court erred in overruling the motion of the defendant for a new trial, when it appeared that the verdict of the jury was not responsive to the testimony in the case, and there was positively no testimony whatever upon which to rest the verdict found."

In the case of *State* v. *Turner,* 29 S. C., 34, 43, 6 S. E., 891, the Court uses this language: "The degree of a homicide in any special case depends upon the motive which prompted the killing, and this is a matter entirely for the jury. The Judge should define and explain these different degrees, and the jury must be governed by the definition and explanations given. But whether any particular crime as defined by the Judge has been committed, or whether

the case is one of self-defense, as explained by the Judge, is a question of fact, and is alone for the jury."

There was testimony tending to show that the defendant was guilty of murder. Therefore, he has no just cause to complain that the jury took a merciful view of his case, and simply found him guilty of manslaughter. These exceptions are also overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

PER CURIAM. September 17, 1907. After careful consideration of the petition herein, the Court fails to discover wherein any material question of law or fact has either been overlooked or disregarded.

It is, therefore, ordered, that the petition for a rehearing be dismissed, and that the order heretofore granted staying the remittitur be revoked.