## 6751

### STATE v. OWENS.

1. CHARGE here, when considered as a whole, is not amenable to the objection that it imposed on defendant the burden of proof throughout the case, as it only placed the burden on defendant of proving his plea of self-defense.

2. IBID.—Judgment will not be reversed for technical inaccuracies in a charge unless appellant show he has been prejudiced thereby.

3. CHARGE here considered as a whole did not limit the jury to the consideration of plea of self-defense to the exclusion of other issues in the case.

4. MURDER—MANSLAUGHTER.—Where appellant was convicted of manslaughter it is useless to consider alleged errors in instructions as to murder.

5. CHARGE.—Failure to submit requests to charge in writing absolves trial Judge of duty to charge them.

6. IBID.—GRAND JURY.—Instructions to grand jury before petit jury is empanelled, without reference to any case, and with no intent to comment on the facts of any case, can not be urged as error on appeal from sentence on verdict of petit jury.

Before GARY, J., Berkeley, September term, 1906. Affirmed.

Indictment against John T. Owens for murder of S. W. Thornley. From sentence on verdict of manslaughter, defendant appeals.

*Messrs. R. W. Haynes* and *M. Rutledge Rivers,* for appellant. *Mr. Rivers* cites: *Conviction of manslaughter is an acquittal of murder:* 40 S. C., 362; 33 S. C., 129; 56 S. C., 586. *What is manslaughter?* 21 Ency., 189, 172; 55 S. C., 35; 50 S. C., 422; 65 S. C., 213; 78 S. C., 95; 28 S. C.,

34; 39 S. C., 159; 50 S. C., 424. *If there was no evidence to convict of manslaughter, new trial should have been granted:* 29 S. C., 43; 19 S. C., 94; 25 S. C., 173; 68 S. C., 427; 64 S. C., 569; 59 S. E. R., 70; 75 S. C., 181. *Plea of self-defense should be established by such preponderance of evidence as will satisfy jury beyond any reasonable doubt:* 18 S. C., 515; 24 S. C., 443; 25 S. C., 173; 68 S. C., 317; 73 S. C., 281; 68 S. C., 317. *Where all facts are brought out, there is no presumption of malice:* 29 S. C., 235 : 38 S. C., 224.

*Solicitor P. T. Hildebrand* and *Messrs. E. J. Deemis* and *W. St. J. Jervey,* contra. *Solicitor Hildebrand* cites: *Order refusing new trial on circuit is conclusive on all questions of fact:* 47 S. C., 34. *Remarks made by Judge are not a charge:* 71 S. C., 137. *Error in stating issues should be called to attention of trial Judge:* 73 S. C., 60; 68 S. C., 36. *There being evidence to sustain the verdict, refusal of new trial not disturbed:* 68 S. C., 53.

*Mr. Jervey* cites: *Particular errors in charge must be pointed out:* 73 S. C., 234; 66 S. C., 459, 360; 78 S. C., 56; 76 S. C., 116. *Self-defense must be proved by preponderance of testimony, and instruction that defendant is entitled to every reasonable doubt may be given anywhere in charge, not necessarily following the above statement:* 76 S. C., 94; 38 S. C., 346. *Where malice is presumed:* 5 Strob., 100; 34 S. C., 120. *Errors in charge as to malice are harmless in conviction for manslaughter:* 47 S. C., 18; 73 S. C., 340; 40 S. C., 349; 56 S. C., 576. *In indictment for murder jury may convict of manslaughter:* 16 S. C., 453; 18 S. C., 175. *Requests to charge should be in writing:* 50 S. C., 405. *Charge must be construed to apply to the case made:* 40 S. C., 221.

February 17, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY. The defendant was indicted for the murder of S. W. Thornley, and was convicted of manslaughter.

Upon being sentenced to ten years at hard labor in the State penitentiary, he appealed to this Court upon exceptions, which will be considered in their regular order.

First exception: "Because his Honor, the presiding Judge, erred in his charge to the jury, the same, taken as a whole, being erroneous, although some of the propositions of which the said charge is composed may severally be conformable to recognized authority; nevertheless, the said charge, taken in its entire scope and bearing on the case, was likely to lead the jury to a misconception of the law as applicable to the case, in which it imposed upon the defendant the burden of the proof, throughout the case, shifting same from the State."

Waiving the objection, that the exception is too general, it can not be sustained. His Honor, the presiding Judge, charged that the burden of proof was upon the defendant, to establish his plea of self-defense, by the preponderance of the evidence, but likewise charged, that it was incumbent on the State to prove every material allegation of the indictment beyond a reasonable doubt. The recent case of *State* v. *Way,* 76 S. C., 94, shows that the charge was free from the error assigned in his exception.

Second exception: "Because his Honor, the presiding Judge, erred in charging the jury, as follows: 'The Constitution of this State guarantees to every citizen the protection of his life and liberty, and the right to accumulate property. The grand jury of Berkeley County has charged the defendant here with having violated that guarantee, and he denies the charge; he was arraigned on the charge of murder and he pleaded not guilty and that has raised the issue that we are to try;' because it is respectfully submitted, that the grand jury did not charge the defendant with having violated the announced guarantee of the Constitution."

Even if it should be conceded, that the charge was technically inaccurate, the appellant has failed to show that it was prejudicial.

Third exception: "Because his Honor, the presiding Judge, erred in charging the jury as follows: 'Now what is the issue, what is the charge, what is your inquiry? The defendant pleads not guilty, and sets up the plea of self-defense, and by that plea admits that he killed the deceased, but assumes the burden of proof to show that he did it under such circumstances that the law will excuse him—will not hold him responsible;' for the reason that the defendant by pleading did not assume the burden of the proof, but the burden of proof is on the State throughout the trial of the case."

It is true the Circuit Judge charged, that the burden of proof rested upon the defendant, to make out his plea of self-defense, by the preponderance of the testimony, but he likewise instructed the jury, that the defendant was entitled to the benefit of any reasonable doubt on any material fact in the case. When the charge is considered in its entirety it will be seen that it is free from error.

Fourth exception: "Because his Honor, the presiding Judge, erred in charging the jury as follows: 'The question is, has that defense been made out, and there our duties become severed. It is my duty to tell you what the law requires, and it is your duty to say whether or not the facts and circumstances satisfy the required demands of the law,' for the reason that the question was not solely 'has that defense been made out,' but the question at issue was, had the State proved the defendant guilty beyond a reasonable doubt, and the jury was not limited by the instruction, to the inquiry whether or not the position of self-defense had been made out, but their duty was to inquire from the testimony whether or not the testimony proved the defendant guilty of any offense beyond a reasonable doubt."

When that portion of the charge, set out in the exception, is considered in connection with the entire charge, it will be seen that it is free from error.

Fifth exception: "Because his Honor, the presiding Judge, erred in charging the jury: 'If such is the case, and the facts and circustances bring the proof up to that point, then his plea is made out; if not, the plea falls to the ground, and you ask yourself what offense he has committed. He holds that up as a plea, to show why he should not be punished, and if his plea is sustained, then you can not punish him, but if his plea is not sustained, then it falls to the ground and you inquire of what he is guilty. Was the assault made on him with a pistol or weapon calculated to produce serious injury, or did the defendant pick an occasion when it was not necessary for him to shoot? If his plea of self-defense is made out to your satisfaction, then that ends the case; if not, you will ask what offense he has committed, whether murder or manslaughter;'—because he did not instruct the jury that if the plea of self-defense was not sustained the defendant was guilty of some crime; in other words, that if he failed to make out his plea of self-defense, then he must, necessarily, be guilty of either murder or manslaughter."

We are unable to see in what respect the failure to instruct the jury, in the manner set out in the exception, was prejudicial to the rights of the appellant.

Sixth exception: "Because his Honor, the presiding Judge, erred in charging the jury as follows: 'Where a man kills another without cause or upon very slight provocation, with a deadly weapon, the law infers that it was done with malice; for the reason that, as the facts and circumstances of this case admitting the homicide had been disclosed in the evidence, there was no room for presumption of any crime.' "

It is not necessary to consider whether the charge was erroneous, as the defendant was only convicted of manslaughter. If there was error, it was immaterial. *State* v.

*McIntosh,* 40 S. C., 349, 18 S. E., 1033; *State* v. *Richardson,* 47 S. C., 18, 24 S. E., 1028; *State* v. *Stuckey,* 56 S. C., 576, 35 S. E., 263; *State* v. *Clardy,* 73 S. C., 340, 53 S. E., 493.

Seventh exception: "Because his Honor, the presiding Judge, erred in charging the jury that 'What facts have been determined here you will determine by your verdict. If you find not guilty, that will establish the fact that a case of self-defense has been made out. If you find guilty, that means that the law has been violated. And if, as I said, you find not guilty, you will establish the fact that the plea of self-defense has been made out, and the defendant is not amenable to the law,'—in that it limits the jury to the inquiry as to whether or not the plea of self-defense has been made out, and took from them the consideration of whether or not, irrespective of the plea of self-defense, the defendant was guilty of the commission of any crime."

It has already been shown that, under the charge of the presiding Judge, the defendant could not be convicted of any crime unless every material fact was established beyond a reasonable doubt.

Eighth exception (Subdivision 1): "Because his Honor, the presiding Judge, erred in refusing a motion for a new trial upon the following grounds: 'That the jury manifestly disregarded and ignored the instructions of the Court and the testimony of the witnesses in finding a verdict of manslaughter; for the reason that the testimony of the witnesses for the State, as applied to the law as declared by the Court, if believed by the jury, made a case of murder, and the verdict should have been 'guilty,' or 'guilty, with a recommendation to the mercy of the Court;' and the testimony of the witnesses for the defense, as applied to the law as declared by the Court, if believed by the jury, made a case of self-defense; and there was absolutely no testimony in the case applicable to the law of manslaughter, the testimony showing either that the defend-

ant, after having made friends with the deceased, wilfully and of malice aforethought, deliberately shot and killed the deceased; and, on the other hand, in apprehension of death or of serious bodily harm, shot to defend himself, the testimony being susceptible of no other view or interpretation, there being absolutely not one word of testimony, either directly, collaterally, or remotely, tending to show manslaughter."

The question herein presented is disposed of by the case of *State* v. *Perry,* 78 S. C., 184, in which the Court says: "There was testimony tending to show that the defendant was guilty of murder. Therefore he has no just cause to complain that the jury took a merciful view of his case and simply found him guilty of manslaughter."

*Subdivision* 2: "Because, it is respectfully submitted, the Court erred in declining to charge the jury, as requested by the defendant, that it is not incumbent on a person to wait until his antagonist shoots before he himself might take measures for the defense of himself, *i. e.,* protect himself from receiving, at the hands of his antagonist, death or serious bodily harm; but that such a one may act upon the appearance of danger of losing his life, or of receiving serious bodily harm, even though the appearance should subsequently turn out to have been false and that there was, in fact, no danger to him, provided the appearances were sufficient, in the opinion of the jury, to cause him to believe himself in danger of losing his life, or of receiving serious bodily harm, and that a person of ordinary reason and firmness, if in like circumstances, would also have believed himself in danger of losing his life or of receiving serious bodily harm."

In settling the case for hearing on appeal, the presiding Judge made the following statement: "Counsel for defendant in arguing the case to the jury made a verbal request, as stated in the second paragraph of this statement. But the same not being in writing, I could not repeat the same to the jury from memory, even if I had desired." There

was a failure to comply with the requirements of Rule XI
of the Circuit Court, which provides that requests to charge
shall be submitted to the Court in writing. Furthermore,
the proposition embodied in the request was charged sub-
stantially by the presiding Judge.

*Subdivision 3:* "Because, it is respectfully submitted, that
the Court erred in charging the jury that it was not incum-
bent upon the Court to deliver to the jury a moral lecture,
without further explanation, in view of the previous
declaration of the Court in hearing of the jury, that
it was an open reproach upon Berkeley County,
heard by the Court in Columbia, that murder in that county
was no crime, and that it was time for the juries to remove
that reproach, repeated and emphasized as it was by the
attorneys for the State in their argument, basing their state-
ments on the statement previously made by the Court,
created the impression on the minds of the jury that punish-
ment of some kind should be meted out to the defendant in
this case, and, in response to that call and irrespective of
the law and facts of the case, they reached their verdict; and
for the further reason that the jury, from the facts of the
above-entitled case and the law as declared by the Court,
would have been equally as justifiable in finding the defend-
ant guilty of larcency, arson, or any other offense in the
category of crimes, as they were in finding a verdict of guilty
of manslaughter; and the verdict is explainable on no other
hypothesis than they believed that it was necessary to punish
the killing of a human being, irrespective of the cause or
character of the killing, whether it be a crime or excusable
homicide."

In settling the case, the presiding Judge made this state-
ment: "In charging the grand jury, I stated that I had some
hesitation in handing out the several bills of indictment for
homicide, for the reason that I had heard it stated that it
was no crime to kill a man in Berkeley County, and, while
the solicitor was swearing the witnesses, preparatory to
giving out these bills of indictment, I had examined casually

the docket and had been unable to find any record where a killing had been so declared; but that I had found where a number of innocent persons had been accused. During this charge, the petit jury had not been called and I am unable to say whether any were present or not. In further charging the grand jury, I stated that I thought the law was defective in not permitting judges to exercise more latitude in charging petit juries; that if I were to charge a petit jury as I had this grand jury, it would be an error of law. In short, judges were unrestricted in charging grand juries, and frequently we had to reach the petit jury over the shoulders of the grand jury."

The charge was made to the grand jury; the petit jury had not then been impaneled. The remarks were general and had no reference to any special case, nor to any particular petit jury. There was no evidence of an intention to comment on the facts of any case, but merely to admonish jurors to discharge their duty in the manner required by law, which the Circuit Judge evidently thought had not been done in the past. We fail to discover wherein the appellant has the right to complain of such a charge.

*Subdivision 4:* "Because his Honor, the presiding Judge, erred in declining to consider the evidence, to ascertain whether or not there was any testimony to sustain the verdict of the jury."

In the first place, it does not appear that the presiding Judge declined to consider the testimony. And, in the second place, there was certainly testimony tending to show that the defendant was guilty of murder; and if the jury, in its mercy, rendered a verdict of guilty of manslaughter only, he has no reason to complain.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.