### 6892

### STATE v. HENDERSON.

1. CHARGE—MURDER—MANSLAUGHTER.—Where a defendant charged with murder is convicted of manslaughter, any error committed by the trial Judge in his instructions as to the law of murder is harmless.
2. NEW TRIAL.—Where there is both positive and circumstantial evidence tending to show defendant killed deceased with malice, refusal of new trial by trial Judge is not an abuse of discretion. .
3. MURDER.—Defendant can not complain if jury convict him of manslaughter where the evidence only warrants a conviction of murder or an acquittal.
4. REHEARING refused.

Before WATTS, J., August, 1907. Affirmed.

Indictment against W. I. Henderson and Alfred Free for murder of M. M. Morse. From sentence on verdict of guilty of manslaughter, defendants appeal.

The parties furnished no "Case" or Briefs for Reporter.

The opinion in this case was filed February 17, 1908, but remittitur held up on petition for rehearing until

April 22, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY. The defendants were indicted for the murder of M. M. Morse, and were convicted of manslaughter.

They have appealed to this Court upon several exceptions, the first of which is as follows:

"That in charging the jury, that the law implies malice, from the intentional taking of human life, his Honor, the presiding Judge, committed error, in not further charging in connection therewith, that while this is true, yet where the facts and circumstances attendant upon the homicide are brought out in the testimony, the

presumption is removed, and like any other material fact in the case, the State must prove malice, to the satisfaction of the jury beyond a reasonable doubt; his Honor's charge being but a part statement of the law."

As the defendants were convicted of manslaughter, it is not necessary to consider whether the charge was erroneous, for if there were error it was harmless. *State* v. *McIntosh,* 40 S. C., 349, 18 S. E., 1033; *State* v. *Richardson,* 47 S. C., 18, 24 S. E., 1028; *State* v. *Stuckey,* 56 S. C., 576, 35 S. E., 263; *State* v. *Clardy,* 73 S. C., 340, 53 S. E., 493.

The next assignment of error is, that his Honor, the presiding Judge, abused his discretion in refusing to grant a new trial on the facts.

There was both positive and circumstantial evidence tending to show that the defendants killed the deceased with malice. When there is testimony tending to sustain the verdict, an order of the Circuit Judge refusing to grant a new trial is not appealable on the ground that he abused his discretion in not granting a new trial upon the facts of the case. *State* v. *Nance,* 25 S. C., 174.

The next error assigned is, that the presiding Judge should have granted a new trial, on the ground that the testimony established the fact, either that the defendants were guilty of murder or not guilty, and that there was no testimony whatever upon which to base a verdict of manslaugther.

In the recent case of *State v. Perry,* 78 S. C., 184, 187, the Court uses this language: "There was testimony tending to show that the defendant was guilty of murder. Therefore, he has no just cause to complain, that the jury took a merciful view of his case, and simply found him guilty of manslaughter."

The last assignment of error is as follows: "Because his Honor erred in passing upon said motion for a new trial, in holding that the jury was perfectly justified, in taking into consideration the fact that the defendants did not put up any

testimony, the error being that not only should the not putting up of testimony not be used against the defendants before the jury, but this fact should not have been considered by the trial Judge in passing upon said motion."

This was a mere passing remark by the presiding Judge, and is explained in his order.

These views practically dispose of all questions presented by the exceptions.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

April 22, 1908. PER CURIAM. After careful consideration of the within petition for a rehearing, we are satisfied that no material question of law or of fact has either been overlooked or disregarded.

It is, therefore, ordered that the petition be dismissed and that the order heretofore granted staying the remittitur be revoked.