## 11583

### STATE v. ATTERBERRY

#### (124 S. E., 648)

1. CRIMINAL LAW—WITNESS COULD NOT TESTIFY AS TO PURPOSE OF OTHER PERSON IN LEAVING AUTOMOBILE.—Witness could not testify as to purpose of other person in leaving automobile, since such person himself alone knew purpose.

2. CRIMINAL LAW—ADMISSION OF TESTIMONY AS TO DEFENDANT'S CONFESSION, IN REPLY, HELD NOT ERROR.—Action of Court in admitting testimony of defendant's confession, in reply, where defendant was given right to offer testimony to the contrary, *held* not error.

3. CRIMINAL LAW—REFUSAL TO REQUIRE SOLICITOR TO MAKE OPENING SPEECH BEFORE ARGUMENTS OF DEFENDANT'S ATTORNEYS HELD REVERSIBLE ERROR.—Under Circuit Court Rule No. 59, requiring that "party having the opening in argument shall disclose his entire case and on his closing shall be confined strictly to his reply," etc., Court's refusal to require Solicitor to make opening speech to jury before arguments of defendant's attorneys *held* reversible error.

4. CRIMINAL LAW—CRITICISM, IN PROSECUTING ATTORNEY'S ARGUMENT, OF DEFENDANT'S COUNSEL FOR DEFENDING DEFENDANT, HELD ERROR. —Action of Court in permitting Solicitor in arguments to jury to criticize defendant's counsel for defending so plain a case *held* error.

5. CRIMINAL LAW—INSTRUCTION AS TO PROVINCE OF JURY HELD NOT CHARGE ON FACTS.—In prosecution for possession of liquor, instructions that jury was not concerned with sentence and was required merely to determine whether State had established case against defendant beyond reasonable doubt, "and when you have done that the State cannot ask more," *held* not charge on facts.

6 CRIMINAL LAW—CHARGE THAT DEFENDANT COULD NOT PERMIT WHISKEY IN AUTOMOBILE, AND THEN DENY KNOWLEDGE THAT IT WAS WHISKEY, HELD NOT CHARGE ON FACTS.—In prosecution for possession of liquor, statement in charge "that he cannot turn his head and let some one put whiskey in his automobile in jugs or bottles, and then say he did not know it was liquor," *held* not charge on facts.

7. CRIMINAL LAW—REFUSAL TO GIVE CHARGE SUBSTANTIALLY COVERED BY ANOTHER HELD NOT ERROR.—Refusal to give charge substantially covered by another *held* not error.

8. COURTS—RULES NOT REPUGNANT TO LAW MUST BE COMPLIED WITH —Rules of Circuit Courts made under Code Civ. Proc., 1922, § 33 if not repugnant to or in conflict with law, have all the force of law and must be complied with.

9. INTOXICATING LIQUORS—REFUSAL TO CHARGE THAT IGNORANCE OF CONTENTS OF JUGS IN DEFENDANT'S POSSESSION WAS GOOD DEFENSE HELD ERROR.—In prosecution for possession of liquor in which defendant's main defense was that he did not know that jugs in his automobile contained liquor, refusal to charge that he was not guilty if he did not know there was liquor in jugs until he dispossessed himself of it *held* error.

Before RICE, J., Aiken, January, 1923.   Reversed and new trial ordered.

David G. Atterberry was convicted of having possession of liquor and he appeals.

The exceptions follow:

(1) The Court erred, it is respectfully submitted, in sustaining the objection made by the Solicitor to the following question: "Q. For what purpose did Mr. Atterberry leave the car at that turn in the road?" The error being that it was competent to show by the witness what the defendant left the car for, and the question was not based upon hearsay, but a matter within the knowledge of the witness and vital to the issue, it being contended by the State that he left the car to get the whiskey.

(2) The Court erred, it is respectfully submitted, in allowing the witness Howard to testify, as in reply to a confession alleged to have been made by the defendant, to the effect that the defendant had given $10 for the liquor; it

being respectfully submitted that a confession is testimony in chief, and not in reply.

(3) The Court erred, it is respectfully submitted, in sustaining the Solicitor in his refusal to make an opening statement or argument to the jury, it being respectfully submitted that the burden was on the State to establish the guilt of the accused and the defendant was entitled to hear the position of the State, in view of the fact that the defendant had no way of replying or answering the charge in the argument.

(4) The Court erred, it is respectfully submitted, in allowing the Solicitor to say, in argument, that he had rather dig stumps for the members of the jury in their fields than ask the jury to acquit a man "as guilty as the defendant," said argument being extremely prejudicial and tending to ridicule counsel, whose duty it was to present the defendant's theory of the case, and whose client had a right to have the issue passed on without having his counsel ridiculed, especially so when no right to reply was allowed defendant's counsel.

(5) The Court erred, it is respectfully submitted, in allowing the Solicitor to say, over the protest of defendant's counsel, "Just at the other Court a man was turned loose who had two gallons of liquor in his house, and never a guiltier man has been tried in this Court," and, again, when defendant's counsel protested and asked the aid of the Court in an effort to try this case on its own facts, "They are just interrupting me," the Court saying, "He can draw his inference in the case," said argument being highly prejudicial and the ruling of the Court being erroneous because the Solicitor cannot draw inferences not founded upon the testimony in the particular case, and it was highly prejudicial to draw an inference from a case in which the testimony showed the defendant's house contained two gallons of liquor, for in that case the jury could have properly acquitted him if he was not there or knew nothing about it; but in the

instant case the issue was whether the defendant knew the container had liquor in it, and the inference drawn from the former case was to ridicule the defense in the instant case, and went to the jury with the approval of the Judge as a denunciation of the jury trying the former case, which was prejudicial in this case.

(6) The Court erred, it is respectfully submitted, in charging as follows: "Gentlemen, it is none of your business what the sentence might be in this case; but all you are here to determine is whether or not the State has made out a case against this defendant beyond a reasonable doubt, and when you have done that, the State cannot ask more at your hands, and the defendant should not ask any more. A jury that is going to try a case on sympathy or prejudice should not stay in the jury box," said charge being an expression of opinion that a sentence would follow their verdict when the jury had determined "whether or not the State has made out a case against this defendant beyond a reasonable doubt." Such language, when coupled with the statement that the "state could ask no more, and that a jury that is going to try a case on sympathy or prejudice should not stay in the jury box," clearly indicating that a sentence, if the case was not tried on sympathy and prejudice, would result on their verdict, for if the jury had found for the defendant, no sentence would have been imposed.

(7) The Court erred, it is respectfully submitted, in charging "that he cannot turn his head and let some one put whiskey in his automobile in jugs or bottles, and then say he did not know it was liquor. If that was true, a man could come in here and say, 'I did not know it was liquor,'" said charge being, in effect, an expression from the Court that the defendant did know the container he had in his hand contained liquor; whereas, in truth and fact, if the defendant had turned his head and liquor was put in his car, he could say that he did not know it was liquor, and if the jury believed him the jury would be bound to acquit him; but the

charge here excepted to so thoroughly ridicules the defendant's plea as to prejudice his defense before the jury. Said charge was violative of the constitutional inhibition against trial judges charging with respect to matters of fact.

(8) The Court erred, it is respectfully submitted, in refusing to charge the principle of law announced in the second request, to the effect that the defendant would not be guilty of having possession of liquor unless he knew, or as a man of ordinary prudence and good sense should know, that his possession was liquor, said request stating a sound principle of law, applied in all cases involving guilty knowledge or criminal intent.

(9) The Court erred, it is respectfully submitted, in refusing to charge the jury as follows: Mr. Williams: "But if he did take it into his possession, and did retain it, and exercised common sense and did not know it was liquor until he dispossessed himself of it, then he is not guilty," said charge containing a sound proposition of law involving guilty knowledge, as well as guilty intent. The Court says: "I am not going to charge that, Mr. Williams, there is no evidence here of that," said charge being erroneous in that it was an expression of opinion from the Court that there was no evidence on that point, when the record shows that that was the gist of the defendant's defense, and said refusal to charge being a refusal to lay down the principle of law that went to the issue that defendant was fighting, namely, guilty knowledge and guilty intention.

*Messrs. Williams, Croft & Busbee* and *John Edwin Stansfield,* for appellant, cite: *Judge had no right to suspend or change rule* 59 *Circuit Court:* 98 S. C., 182. *What amounts to unfair argument to jury:* 2 R C. L., 426; 44 Fed., 896; 46 L. R. A., 641; 92 A. S. R., 377; 37 A. S. R., 828. *Prosecuting attorney cannot express personal opinion as to guilt:* 2 R. C. L., 415; 92 A. S. R., 377; 46 L. R. A., 641.

*Mr. R. L. Gunter, Solicitor,* for the State, cites: *Introduction of evidence largely in discretion of Judge:* 35 S. C., 537; 85 S. C., 237. · *Effect of Rule* 59 *Circuit Court:* 91 S. C., 414. *Remarks of Solicitor not prejudicial:* 36 S. C., 73; 65 S. C., 248; 85 S. W., 226.

October 22, 1924.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The facts as claimed by the State are as follows:

"The defendant-appellant, David G. Atterberry, was tried at the special term of the Court of General Sessions for Aiken County, on the 13th day of July, 1923, on an indictment charging violation of the Prohibition Law, in that, the said defendant-appellant was transporting and had in his possession contraband liquors.

"The jury found a verdict of guilty, on the count charging the defendant with having in his possession contraband liquors, and the presiding Judge sentenced the defendant to five months' hard labor on the public works of Aiken County.

"The case arose out of the follownig circumstances, to wit: On the morning of December 16, 1922, Deputy Sheriffs Robinson and Shepherd were on their way to Aiken from Warrenville, and passed the defendant on the public highway, going toward Warrenville from the direction of Aiken. It had rained the night before, and the defendant's automobile track was the only one that had passed along the road since the rain. The Deputy Sheriff noticed where the automobile had been turned around, where an old road led into the woods, and, suspecting that something was wrong, followed a man's track to where the automobile stopped, some distance into the woods, where it led to a gallon jug with a quantity of whiskey in it. Deputy Sheriff Robinson left Shepherd to watch this jug, and came on to Aiken. Later in the day, he returned to the place where he had left

Shepherd, and saw Shepherd and the defendant-appellant coming out of the woods with the jug of whiskey. While Robinson was gone, Deputy Shepherd saw the defendant return in an automobile to the place, and leaving the automobile near the road went in the woods near where the jug was left, and picked up two more gallon jugs, which were full of whiskey, and started back to the automobile. After the defendant had walked a few steps with the whiskey, Deputy Shepherd hailed him with these words: 'Well, Dave what do you say now?'. When Shepherd hailed him, the defendant struck the two jugs together and broke them, and the whiskey was spilled on the ground. In answer to Shepherd's inquiry as to whether he had broken the jugs, the defendant replied: 'The first thing I thought of was the evidence.' The defendant admitted then, and afterwards at the Courthouse, in the presence of Sheriff Howard, that it was his whiskey, and that he had paid $10 a gallon for it."

The appellant pleaded not guilty and denied making a confession. He claimed that he went into the woods to attend to a call of nature and saw the jugs of whiskey and picked them up in mere curiosity, and when the officer called to him he dropped the jugs and they broke. The appellant was convicted of having whiskey in his possession and makes this appeal.

I. The appellant was riding with a man named Delvin. When Delvin was on the stand, the appellant's attorney asked him: "For what purpose did Mr. Atterbury leave the car at that turn in the road?" The Solicitor objected, and the objection was sustained. This is the first assignment of error.

It cannot be sustained. The only way Mr. Delvin could know the purpose of Mr. Atterberry was from statements made by Mr. Atterberry. These statements were obviously incompetent. The purpose of a man is locked up within him and, when necessary to be established, then it is for the jury to determine as an inference

from the facts proven. Of course, the defendant himself can testify as to his purpose, but he is the only one who knows.

II. The State was permitted to show in reply a confession by the defendant. The presiding Judge allowed the State to offer evidence as to the confession, but gave the defendant the right to offer testimony to the contrary. This was entirely proper.

III. The defendant moved the Court to require the Solicitor to make the opening speech to the jury before the defendant's attorneys were required to make their arguments. This was refused. This was error. Rule 59 of the Circuit Court is very clear and reads:

"The party having the opening in argument shall disclose his entire case and on his closing shall be confined strictly to a reply to the points made, and authorities cited by the opposite party."

It is difficult to see how a stronger statement could have been made. It would require a case of unquestionable authority and clearness to warrant a contrary holding.

*State v. Garlington,* 90 S. C., 144, 145; 72 S. E., 564, is not such a case. The quotation made by the State is followed by these words, "But no such question is presented here," and the quotation is a mere dictum. The wisdom of this rule is seen most clearly in a case in which the State relies upon circumstantial evidence. It may be that the circumstances are to all appearances disconnected, and yet an able prosecuting attorney, but for this rule, would be able to present a connection, little suspected by the defendant or his counsel. If the prosecuting attorney is allowed to reserve his argument for the closing speech, the defendant will not be allowed to show any defect in the chain of evidence. The authorities quoted by the prosecution, however inapplicable to the case, must be passed without a chance of review. The rule is clear and mandatory and a departure from it reversible error.

31—S. C. R., 129.

IV. Counsel for the defendant were criticized for defending in so plain a case. This also was error.

The guilty are entitled to be heard by counsel. Attorneys cannot convict their clients before the trial.

V. The sixth and seventh exceptions cannot be sustained. There was no charge on the facts, but only an admonition to the jury to find a just verdict.

VI. The next assignment of error was in failure to charge the defendant's second request. It was substantially charged. This applies to the last exception.

The judgment is reversed, and a new trial ordered.

MR. JUSTICE WATTS concurs.

MR. ACTING ASSOCIATE JUSTICE W. T. AYCOCK concurs in result.

MESSRS JUSTICES COTHRAN and MARION dissent.

MR. CHIEF JUSTICE GARY did not participate.

MR. ACTING ASSOCIATE JUSTICE W. T. AYCOCK (Concurring and dissenting) : I concur in the opinion of Mr. Justice Fraser, concurred in by Mr. Justice Watts, that the judgment of the lower Court should be reversed; but in view of the fact that the distinguished members of this Court have divided equally, I deem it advisable to set forth the reasons which lead me to that conclusion.

All of the exceptions should be overruled, in my opinion, except those numbered 3 and 9. The third exception is based on the refusal of the presiding Judge to require the Solicitor to make the opening argument to the jury under rule 59 of the Circuit Court. This rule is correctly set forth in the opinion of Mr. Justice Fraser, and it so appears in an appendix to the Code of Civil Procedure, 1922. It seems to the writer that the true construction of the rule is made apparent when its actual terms are examined, and when it is observed that the reference is to "points made and authorities cited," it seems clear that it is not the purpose of the rule to refer solely to questions of law. Unless, there-

fore, there is some authority requiring a different conclusion, the Solicitor should have been required to "disclose his entire case," the form of the rule being absolute and providing for no deviation. Similar rules are in very general use, and there is nothing in the rules of the Circuit Court to suggest that rule 59 applies solely to the Common Pleas, and not to the Court of General Sessions. It is but fair that the party who has the advantage of the last address to a jury should be required to open and apprise the opposing party of his views as to his entire case. I would not be understood as expressing the opinion that the trial Judge has no discretion whatever with reference to the rules of Court, but in *Barnett v. Gottlieb,* 98 S. C., 180; 82 S. E., 406, this Court says unequivocally that the trial Judge "had no right to suspend or change rule 59 of the Circuit Court." So far as the rule before us in this case is concerned, therefore it is clear that the presiding Judge's discretion should have reference solely to the degree of compliance with the rule. Having no authority to suspend or change the rule, it lies within the discretion of the presiding Judge to determine whether the requirements of the rule have been met.

The power to make its own rules is conferred upon the Circuit Court by Section 33, Code of Procedure, 1922, and when a rule so made is not repugnant to or in conflict with law, it has all the force of law and must be complied with. 15 C. J., 909. The Circuit Court having the power to make its own rules, there is doubt that this Court has power to suspend them in a particular case. 15 C. J., 914.

In *Gadsden v. Sands,* 115 S. C., 205; 105 S. E., 286, the decision apparently supports the trial Judge, who had refused to require the plaintiff to open. It is obvious, however, that this Court was under the impression that the question to be decided was whether or not the defendant was entitled to open and reply. A careful reading of the case indicates that the point involved was practically the same as

that in this case; but in view of the reasoning pursued in the opinion, I cannot accept the decision as settling the point before us. The authority of that case is not questioned, but the reasoning of the Court indicates clearly that there was no purpose to hold that the presiding Judge was right in refusing to require the plaintiff to open the argument as provided in rule 59.

Of course, there is no purpose here to suggest that this rule may not be waived by acts or suspended by consent of the parties. It is desired to make it clear, however, that the plaintiff has not the right to waive the rule and require the defendant to open while reserving the right to himself to close. If he wishes to close, he must also open.

As to the fourth and fifth exceptions, I concur in the opinion of Mr. Justice Cothran. Great latitude is necessarily allowed lawyers in argument, and while the practice followed by many gentlemen of the bar of avowing their personal belief in the good faith of their client and the justice of their cause, and by the opposing counsel of denouncing their client's adversary and asserting the utter absence of right in him, is not to be commended, I do not think that the Solicitor in this case so far exceeded legitimate argument as to entitle the defendant to a new trial for that reason. Such declarations do not constitute argument, but due allowance should be made in the circumstances for the zeal of an attorney making an argument before a jury. It is recognized, however, that a case may arise where a different result should be reached.

As to the ninth exception, I dissent from each of the opinions heretofore filed. It should be noted that the defendant's main defense was that he did not know that the jugs mentioned in the evidence contained liquor. While the jury was not obliged to accept this testimony, it nevertheless related to an essential element of the offense charged. When the presiding Judge, therefore, said "there is no evidence here of that," he rejected in the hear-

ing and presence of the jury the evidence furnished by the defendant himself as to his knowledge of the contents of the jugs. Although his Honor's remark was probably an inadvertence, it was nevertheless prejudicial.

The judgment should be reversed, and the case remanded to the Circuit Court for a new trial.

Mr. Justice Cothran (dissenting): I do not at all agree to the proposition that the party who is entitled to the opening and reply in argument is required by rule 59 of the Circuit Court to advance in opening every reason that his mind may suggest to convince the Court or jury of the fact he desires to establish, at the risk of being denied the right to urge them in reply.

An experience of over 40 years at the bar convinces me that the universal interpretation of this rule confines it to propositions of law, and that it is not applicable to arguments of facts from the evidence; and if it should be considered that such an interpretation is not warranted by the terms of the rule, I should unhesitatingly declare that to the extent indicated in the opinion of Mr. Justice Fraser the rule is void as obstructive to the administration of justice.

The penalty imposed by the rule for not disclosing "his entire case" in opening is conclusive that matters of law and not of fact were referred to: "And on his closing shall be confined strictly to the points and authorities cited by the opposite party"

In the case at bar there was no contest over the law; the issues were of fact alone; the evidence before the Court was susceptible of the guilt or innocence of the accused; it was both direct and circumstantial, and a person of reasonable intelligence is obliged to have been aware of the contention of the State.

It was clearly within the discretion of the Court to allow the Solicitor to waive the opening argument, which could have contained no disputed question of law, and reserve his fire upon issues of fact to the reply.

The ground of objection to the remarks of the Solicitor is too trivial to demand a reversal.

Mr. Justice Marion concurs.