13369

### STATE v. MAYS

(163 S. E., 465)

*Messrs. Price & Poag* and *W. A. Bull,* for appellant, ▮

*Mr. J. G. Leatherwood, Solicitor,* for respondent, ▮

March 15, 1932.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The appellant in this case, a young negro woman, was indicted and tried in the Court of General Sessions for Greenville County (the date is not disclosed by the transcript) on the charge of murder, growing out of the killing of her husband. The jury returned a verdict finding her guilty of manslaughter, and the trial Judge imposed a sentence of six years' imprisonment. From the sentence and judgment of the Court, the defendant has appealed to this Court. All of the appellant's exceptions impute error to the trial Judge in his charge to the jury. The issues raised by the exceptions are stated by the appellant as follows:

"1. Did the trial Judge err in defining the term 'malice'?

"2. In defining and illustrating the phrase 'expressed malic'?

"3. In defining and illustrating the phrase 'implied malice'?

"4. If the trial Judge erred in defining and illustrating the term 'malice' and the phrases 'expressed and implied malice,' was it prejudicial to the defendant?"

It will be observed that all errors charged are based upon the trial Judge's alleged erroneous statement as to what constitutes "malice." The appellant having been acquitted on the charge of murder, being convicted of manslaughter, under the decisions of this Court the appellant has no just grounds for complaint, even if it be granted that the trial Judge, in defining the term "malice," did not adopt the well-recognized definition as approved by this Court. In this connection attention is called to the holding of this Court in the following named cases as supporting the views herein expressed: *State v. McIntosh*, 40 S. C., 349; 18 S. E., 1033; *State v. Richardson*, 47 S. C., 18, 24 S. E., 1028; *State v. Robertson*, 54 S. C., 147, 31 S. E., 868; *State v. Stuckey*, 56 S. C., 576, 35 S. E., 263; *State v. Owens*, 79 S. C., 125, 60 S. E., 305, and *State v. Henderson*, 80 S. C., 165, 60 S. E., 314.

We are unable to agree with appellant's contention as to her rights being prejudiced regarding her plea of self-defense by reason of the trial Judge's alleged erroneous explanation of the term "malice." Further, the conclusion herein reached is not in our opinion, inconsistent with the holding of this Court in the recent case of *State v. Howell,* 162 S. C., 397, 160 S. E., 742.

The exceptions are therefore overruled, and it is the judgment of this Court that the judgment of the lower Court be, and is hereby, affirmed.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES STABLER and BONHAM concur.