19152

The STATE, Respondent, v. Charles B. LEE, Appellant

(178 S. E. (2d) 652)

*John L. Nettles, Esq.,* of Florence, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Emmet H. Clair and John P. Wilson, Asst. Attys. Gen.,* of Columbia, and *T. K. Sommerford, Esq., Solicitor,* of Florence, *for Respondent,*

January 13, 1971.

Moss, Chief Justice.

Charles B. Lee, the appellant herein, was indicted by the grand jury of Florence County at the 1966 December Term of the Court of General Sessions and charged with the murder of one Wilbur A. Vause. The indictment alleged that the crime took place on November 9, 1966.

The case came on for trial before the Honorable C. Bruce Littlejohn, Presiding Judge, and a jury, at the January 1967 Term of the Court of General Sessions. The jury found the appellant guilty of manslaughter. The appellant made a motion for a new trial upon various grounds and such was refused. He was sentenced to serve a term of twelve years. This appeal followed.

It appears from the record that during the first part of the trial of this case that a brother of the deceased was occupying a seat in close proximity to counsel for the appellant. The appellant objected to the presence of the brother of the deceased at the solicitor's table and demanded that he be removed therefrom. Upon such objection being made, the trial judge required the brother to move to the other end of the table and not sit in close proximity to appellant's counsel. It also appears from the record that this brother had worked with the solicitor's office in making an investigation of the case and was present for the purpose of prompting the prosecuting attorney with reference to matters that had come to his knowledge by reason of his investigation.

The appellant asserts that the trial judge was in error in refusing to remove the brother of the deceased from the State counsel's table. We do not think that any error was committed by the trial judge in refusing the request of the appellant that the brother of the deceased be removed from the State counsel's table. We have repeatedly held that the conduct of a trial is left largely to the discretion of the presiding judge and this court will not interfere unless it clearly appears that the rights of the complaining

party were abused or prejudiced in some way. *State v. Mc-Gill,* 191 S. C. 1, 3 S. E. (2d) 257, and *State v. Gidron,* 211 S. C. 360, 45 S. E. (2d) 587.

We have held that where a motion is made for the sequestration of witnesses and where such motion is granted, it is within the discretion of the trial judge to permit a witness to remain in the courtroom for the purpose of assisting the prosecution. *State v. Sharpe,* 239 S. C. 258, 122 S. E. (2d) 622.

A full examination of the record in this case does not convince us that the trial judge abused his discretion nor was there any prejudice to the appellant, in permitting the brother of the deceased to remain at the counsel's table for the purpose of aiding and assisting the solicitor.

The appellant asserts that the trial judge erred in allowing an attorney who was not officially a member of the solicitor's staff to participate in the trial of this case. The appellant admits that this question was not raised or presented to or passed upon by the trial judge. We have held in numerous cases that we will not consider a question on appeal which was not presented to or passed upon by the trial judge. *State v. Alexander,* 230 S. C. 195, 95 S. E. (2d) 160, and *State v. Fleming,* 254 S. C. 415, 175 S. E. (2d) 624. However, we call attention to the following authorities upon this question. *State v. Carden,* 209 N. C. 404, 183 S. E. 898; *State v. Gregory,* 172 S. C. 329, 174 S. E. 10, and 42 Am. Jur., Prosecuting Attorneys, Section 10, at page 241.

The appellant asserts that the trial judge erred in declaring one J. W. Hicks, a witness for the State, to be hostile and allowing the State to cross examine him.

The record shows that the solicitor called one J. W. Hicks as a witness for the State. After some preliminary questions, this witness was asked whether or not the appellant made a statement to him concerning Wilbur Vause. Objection was made by the appellant and the jury was ex-

cused and sent from the courtroom. The witness was then asked, "What statement did he make to you concerning Wilbur Vause?", and his answer was, "He said Wilbur Vause had stole his bird dog and if he didn't bring him back he was going to kill the son-of-a-bitch." Upon cross examination by appellant's counsel, in the absence of the jury, the following took place:

"Q. Now, when the defendant told you he was—did I understand you to say that he was going to kill Mr. Vause because he had stolen his bird dog?

"A. No, not Mr. Vause.

"Q. Well, who?

"A. Mr. Lynch.

"Q. He was going to kill Mr. Lynch because Mr. Lynch had stolen it?

"Q. So your statement is that he said he was going to kill Mr. Lynch because Mr. Lynch stole his bird dog?

"A. Yes, sir."

Thereafter, on direct examination by the State, he was again asked if he hadn't said that the appellant told him that Wilbur Vause had stolen his bird dog and if he didn't bring it back he was going to kill him. The answer of the witness was, "I might have said Wilbur Vause but I didn't mean Wilbur Vause." The witness was asked by the trial judge whether the appellant said he was going to kill Wilbur Vause or Wilbur Lynch and his reply was that "He said he was ging to kill Wilbur Lynch."

Thereafter, the State asked the court to declare the witness hostile and that it be permitted to cross examine him, asserting that testimony of the witness was harmful to the State and it had been taken by surprise, as the testimony was contrary to what the witness had said at a bail hearing and had represented to the State immediately prior to his being placed on the witness stand. This request was granted.

After the jury had returned to the court room the State cross examined the witness but such witness never at any

time, in the presence of the jury, testified that the appellant said he was going to kill Wilbur Vause, but on the contrary stated that the appellant said that he was going to kill Wilbur Lynch because he had stolen his bird dog. It thus appears that the appellant could not have been prejudiced by any testimony brought out by the cross examination of the witness by the State.

The general rule is that evidence of previous threats and hostile declarations by the accused against the deceased is admissible to show malice, premeditation and state of mind, and the State sought to prove such by this witness. Inasmuch as the appellant was convicted of manslaughter only, which wholly excludes the idea of malice, even if error was committed in permitting the State to cross examine the witness, such error was harmless as the verdict demonstrated that the jury did not believe the killing was actuated by malice.

The State called as a witness one Clarence Matthews and he testified that the appellant had said that there were three people in the community that he was going to have to kill and one of them was Wilbur Vause. The appellant objected to this testimony and such was over-ruled and the testimony admitted. Error is assigned. However, we do not deem it necessary to rule on this exception because counsel for the appellant cross examined the witness without reservation of his objection. The objection was thereby lost and if any error had been committed in the admission of the testimony it was cured. *State v. Anderson,* 253 S. C. 168, 169 S. E. (2d) 706.

Thereafter the wife of the said Clarence Matthews was called as a witness and gave similar testimony to that of her husband. The appellant interposed no objection to such testimony. We have held that if an objection is not interposed to the introduction of evidence, such question or objection cannot be raised for the first time on appeal. *State v. Lawhorn,* 254 S. C. 275, 175 S. E. (2d) 233.

The appellant called one Eugene Cusaac as a witness in his behalf. Cusaac testified that he went to the store of Wilbur Vause on the morning of November 9, 1966, this being the day that Vause was killed, and there found Vause and the appellant. He further said that the appellant worked at least part time at the store for Vause and was so working that morning. During the cross examination of his witness he was examined as to whether or not the appellant had been working for the deceased prior to the shooting. His answer was, "He was working there part time." Thereafter, the appellant objected to any further cross examination on this question, asserting that the issue was collateral. The trial judge overruled the objection and the appellant asserts that such was error. The question of whether the appellant was employed by Wilbur Vause was first testified to by this witness on direct examination. It has been held that a trial judge may allow cross examination on collateral matters where such have been opened up on direct examination. The scope of cross examination rests largely within the discretion of the trial judge to control this right within reasonable bounds and in the absence of an abuse of such discretion this court will not interfere. *State v. Swilling,* 249 S. C. 541, 155 S. E. (2d) 607. A careful review of the record does not show any prejudice to the rights of the appellant by reason of the trial judge's ruling. This being true, we find no error as assigned.

The next question for determination is whether the trial judge was in error in refusing to require the State, at the request of the appellant, to open on both the law and facts in arguments to the jury. The trial judge refused to require the State to open on the facts but did require an opening argument on the law and such was made.

In *State v. Atterberry,* 129 S. C. 464, 124 S. E. 648, the defendant moved the court to require the solicitor to make the opening speech to the jury before the defendant's attorneys were required to make their arguments. This was refused and this court held that such was error, holding

that under Rule 59 of the Circuit Court, which then read: "The party having the opening in an argument shall disclose his entire case and on his closing shall be confined strictly to a reply to the points made and authorities cited by the opposite party." Subsequent to the *Atterberry* case, Rule 59 was changed and now appears as Rule 58, and reads as follows: "The party having the opening in an argument shall disclose fully the law upon which he relies if demanded by the opposite party."

It follows that the trial judge, under the changed rule, was correct in holding that a solicitor is no longer required to make an opening argument to the jury on issues of fact.

The appellant asserts that he is entitled to a new trial because the nephew of the wife of the brother-in-law of the deceased served on the jury panel. The record shows that this question was not presented to or passed upon by the trial judge. It follows that the question which the appellant seeks to raise is not properly before us for determination. *Cooper v. Firemen's Fund Ins. Co.,* 252 S. C. 629, 167 S. E. (2d) 745. However, we point out that it is admitted that the relationship in question was not known to the defendant nor to the juror until long after the conclusion of the trial. We fail to see, under the admitted facts, how the appellant could have been prejudiced. If the juror was ignorant of the existence of the relationship, it could not have been prejudicial to the appellant. *State v. Miller,* 331 Mo. 675, 56 S. W. (2d) 92.

The appellant charges that the trial judge committed error in instructing the jury that malice could be implied from the use of a deadly weapon. We have held that in a murder presecution the use of a deadly weapon implies malice. *State v. Byrd,* 72 S. C. 104, 51 S. E. 542, and *State v. Edwards,* 194 S. C. 410, 10 S. E. (2d) 587. It follows that the charge of the trial judge was correct. However, the appellant having been acquitted on the charge of murder, being convicted of manslaughter, under the decisions of this court it is not necessary to consider whether

the charge, defining malice was erroneous, as the error, if any, was harmless, *State v. Henderson,* 80 S. C. 165, 60 S. E. 314, and *State v. Mays,* 165 S. C. 199, 163 S. E. 465.

The appellant contends that the trial judge committed prejudicial error in admitting in evidence his alleged confession. The record shows that when the objection to the confession was made, the trial judge conducted an evidentiary hearing out of the presence of the jury to determine whether the statement or confession of the appellant was admissible. The officers who heard the statement and confession of the appellant testified that they gave him all of the warnings required by *Miranda v. Arizona,* 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. (2d) 694. The trial judge, after this evidentiary hearing, found as a fact that the confession was voluntarily given after the appellant had been accorded all the procedural safeguards required by *Miranda.* A review of the testimony sustains the finding made by the trial judge. The confession was properly received in evidence. Thereafter, the trial judge having found that the statement or confession of the appellant was voluntary, instructed the jury to consider the same issue and to disregard the confession unless it finds that the State has proved that it was made voluntarily. The procedure followed by the trial judge was in accord with *Jackson v. Denno,* 378 U. S. 368, 84 S. Ct. 1774, 12 L. Ed. (2d) 908, 1 A. L. R. (3d) 1205. We find no error on the part of the trial judge in the procedure he followed in admitting the alleged statement or confession of the appellant. Attention is directed to the cases of *State v. Richardson,* 253 S. C. 468, 171 S. E. (2d) 717, and *State v. White,* 253 S. C. 475, 171 S. E. (2d) 712.

The final question for determination is whether the trial judge erred in his instructions to the jury on the issue of reasonable doubt. We have carefully reviewed the instructions of the trial judge and considering the charge as a whole we do not find any error therein.

All of the exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY and BRAILSFORD, JJ., concur.

LITTLEJOHN, J., disqualified.