## 13815

STATE v. GREGORY *ET AL.*

(174 S. E., 10)

Before TOWNSEND, J., Chesterfield, September, 1932.

*Messrs. Mendel L. Smith* and *P. A. Murray, Jr.,* for appellants,

*Messrs. M. J. Hough, Geo. K. Laney, J. Arthur Knight, Steven C. Chapman, C. L. Hunley, Claude N. Sapp* and *S. S. Tison, Solicitor,* for the State,

March 29, 1924.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The defendants, who were jointly charged with the murder of one J. T. Nicholson, were tried at the September, 1932, term of Court of General Sessions for Chesterfield County, and were convicted of voluntary manslaughter. It appears from the agreed facts that "Thomas T. Gregory admitted shooting the deceased twice with a shotgun loaded with double naught (00) buckshot, but claimed that he shot in self-defense. George W. Gregory admitted that he was present and had a pistol but did not use it, as Thomas T. Gregory shot first."

When the impaneling of a jury was begun, the Solicitor called to the Court's attention that "both sides" had a large family connection in the county. The Judge thereupon directed that the jurors be sworn on their *voir dire* in order that they might be examined "as to kinship and also as to prejudice"; and five of them, as a result of such examination, were excused. The appellants, defendants below, contend that this was error for the reason that no disqualification of the jurors excluded was shown.

This contention cannot be sustained for two reasons. In the first place, it has been repeatedly held that matters pertaining to the trial rest in the sound discretion of the presiding Judge, and that this Court will not interfere unless an abuse of discretion is shown. In *State v. Faries,* 125 S. C., 281; 118 S. E., 620, 622, where a

similar question was considered, it was said that "if there is any evidence which in contemplation of law supports or tends to support the Court's finding of fact, no error of law is disclosed (*State v. Williamson* [65 S. C., 242, 43 S. E., 671], *supra*), since, insofar as such conclusion is left to the Circuit Judge's conscience and judgment, his discretion is absolute." In the case at bar there was some evidence which warranted the ation taken by the presiding Judge, and we think that he exercised, in the circumstances, a wise discretion. In the second place, the defendants completed the jury without either of them exhausting his right of challenge. "Parties to an action have no right to any particular juror or jurors. They have not the right to select, but merely the right to reject any number for cause, and the number allowed by statute peremptorily" (*Devlin v. Devlin*, 89 S. C., 268, 71 S. E., 966, 969) ; and where the defendant "completes the jury before exhausting his right to challenge, this shows that he has not been deprived of this right to reject, which the law allows him, and consequently there has been no error" (*State v. Anderson*, 26 S. C., 599, 2 S. E., 699, 700). It is admitted in the case before us that each of the defendants exhausted only eight of the ten peremptory challenges to which he was entitled.

When F. S. Douglass, Sheriff of Chesterfield County was on the stand, counsel for the State handed him two shotgun shells and requested him to "cut them open and see how many shot are in the single naught and how many in the double naught," the purpose being as stated, "to show how many shot there are in a loaded shell of standard size." Counsel for defendants did not object to the admission in evidence of the shell containing the double naught buckshot, but did object to the admission of the other. The trial Judge, while stating that he thought it "irrelevant, unless you get somebody from the store that will recognize the shells that were picked up at the scene of the shooting," admitted the testimony for what it was worth.

By their sixth exception, the appellants impute error to the Court in admitting in evidence the shell containing twelve buckshot. While the relevancy of the testimony objected to does not clearly appear, we are unable to see how the defendants were prejudiced by this effort of the State to show the capacity of the shell. Certainly, its admission did not in any way affect the plea of self-defense relied on by the appellants. The error committed, if any, was harmless.

In the prosecution of the case, counsel assisting the Solicitor took part in the examination and cross-examination of the witnesses, and made the opening and closing arguments for the State. The appellants, by Exception 7, allege that they were thereby denied a fair and impartial trial under Sections 5 and 18 of Article 1 of the Constitution, in that they were deprived of the right to have their trial, instituted and prosecuted in the name of the State, conducted by the officer authorized and charged by law with such duties and responsibility.

While it appears that assisting counsel took an active part in the trial, it is not contended that, either in their examination of witnesses or in argument, they said or did anything that was improper or objectionable. Nor is there anything in the record that shows that the Solicitor relinquished to such counsel, or to any one, the management of the case for the prosecution, and thereby failed in his duty, as "a *quasi* judicial officer," to secure to the appellants a trial in conformity with the Constitution and laws of the State. On the contrary, it was stated in argument before this Court, and was not disputed, that the Solicitor was present at all times and performed his duties as such officer; and we may properly assume, it not being made to appear otherwise, that whatever part assisting counsel may have taken in the trial was with his approval and at his direction. While it is customary, and perhaps proper, for the Solicitor in most cases to make the closing argument, it cannot soundly be held that he may not, for proper and satisfactory reasons, designate

an assisting counsel to do so. Moreover, in the case at bar, if counsel for the defense thought the defendants were being deprived of substantial rights by failure of the Solicitor to perform his duties as such officer, they should have called the matter, by motion or otherwise, to the attention of the trial Judge, who, in the exercise of the sound discretion with which he is vested in the conduct of the trial, would have been careful to protect and safeguard the rights of the appellants. This was not done, and it might therefore correctly be held that the question here raised is not properly before the Court. However, as we have already indicated, this assignment of error, under the showing made, is entirely without merit.

All exceptions are overruled and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM, and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.