20552

In the Matter of Mike S. JOLLY, Respondent.
(239 S. E. (2d) 490)

*Daniel R. McLeod, Atty. Gen., A. Camden Lewis, Richard B. Kale, George C. Beighley and Perry M. Buckner, Asst. Attys. Gen.,* of Columbia, *for Complainant.*

*John S. Flynn and John D. Long, III,* of Union, *for Respondent.*

November 29, 1977.

*Per Curiam:*

This disciplinary proceeding is before us on a Rule ordering the Respondent Mike S. Jolly, an attorney admitted to practice law in this State, to show cause why the Report of the Board of Commissioners on Grievances and Discipline should not be confirmed and why a disciplinary order should not be issued.

The Respondent is charged, while Solicitor of the Sixteenth Judicial Circuit, with having participated for a fee in the representation of one Faye I. Strain and her children in their respective civil claims against one John P. Austin. It is further alleged that the same set of facts that supported the above civil claims were also the basis of John P. Austin being indicted and sentenced for the crime of Reckless Homicide under prosecutorial direction of the Respondent. The Complainant alleges that, as a result of the foregoing, Re-

spondent participated in the representation for a fee of clients he should not have represented under the mandate of South Carolina Code Section 17-1-20 (1976) and the Code of Professional Responsibility.

While the Respondent admits participation for a fee in the representation of the above named clients, and also admits that John P. Austin was indicted and sentenced for the crime of Reckless Homicide on the same set of facts, he states that the criminal prosecution in this case was presented by the Assistant Solicitor of York County and that he did not participate, which fact is supported by the record. It is undisputed that the civil actions were settled on July 22, 1974 and that Respondent received therefrom a fee of $3,333.32. John P. Austin, the defendant in the criminal action, pled guilty to Reckless Homicide on October 3, 1975, and received a sentence of four years, provided upon service of one year the sentence would be suspended and he would be placed on probation for a period of five years.

The material facts in this case are not in dispute. Section 17-1-20 of the 1976 South Carolina Code reads as follows:

§ 17-1-20. Prosecuting officer shall not accept fees or rewards, nor act in a civil case as counsel for either party.

No prosecuting officer shall receive any fee or reward from or in behalf of a prosecutor for services in any prosecution or business to which it is his official business to attend, nor be concerned as counsel or attorney for either party in a civil action depending upon the same state of facts.

The merit of this statute is apparent, and is essential for the protection of the public interest. The purpose and intent of it has been clearly violated by the Respondent. The fact that the Assistant Solicitor presented the criminal case to the court does not absolve Respondent in view of the authority possessed by the Respondent to control the official acts of the Assistant Solicitor. It is to be noted that Circuit Solicitors have been recently placed on a full-time basis as

public prosecutors which should prevent further repetition of this charge. In addition to the violation of the statute, Respondent has also violated DR9-101(B) of the Code of Professional Responsibility which provides that a lawyer shall not accept private employment in a matter in which he had substantial responsibility while he was a public employee.

The Board of Commissioners on Grievances and Discipline has recommended that the Respondent be administered a public reprimand. We have determined that the recommendation of the Board should be accepted. Accordingly, the Respondent is hereby publicly reprimanded for the misconduct herein specified. This opinion shall be published in the Reports of this Court.