22463

The STATE, Respondent, v. Katherine MATTOON, Appellant.

(339 S. E. (2d) 867)

Supreme Court

*W. Gaston Fairey,* of *Fairey & Parise,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Carolyn M. Adams,* Columbia, and *Solicitor Charles M. Condon,* Charleston, *for respondent.*

Heard Jan. 7, 1986.

Decided Feb. 5, 1986.

Ness, Chief Justice:

Appellant was convicted of distributing obscene materials in connection with her employment as a clerk in an adult bookstore. We affirm.

Prior to trial, defense counsel moved to disqualify special assistant solicitor James E. Gonzales from prosecuting the case. Gonzales, a private attorney and city attorney for the City of North Charleston, had an agreement with the Ninth Circuit solicitor to prosecute a series of obscenity cases in Charleston County. The trial judge denied the motion, and the case was tried by Gonzales as chief prosecutor.

Private counsel may participate in the trial of a case to assist the solicitor. *State v. Addis*, 257 S. C. 482, 186 S. E. (2d) 415 (1972); *State v. Lee*, 255 S. C. 309, 178 S. E. (2d) 652 (1971); *State v. Gregory, et al.*, 172 S. C. 329, 174 S. E. 10 (1924). Appellant asserts Gonzales' participation went beyond permissible limits since he served as chief prosecutor and had full control of the case.

In 1984, the general assembly enacted S. C. Code Ann. Section 1-7-405 (Supp. 1984), which grants solicitors authority to appoint assistant solicitors and to vest them with "such responsibility as he directs." The statute does not permit a solicitor to relinquish prosecutorial control to a private attorney, but it removes any limitations upon his actual trial participation arguably imposed by our prior decisions. It was not error to allow Gonzales to try the case without the solicitor being present.

Appellant next argues Gonzales should have been disqualified from prosecuting the case because of a conflict of interest. She asserts Gonzales was not disinterested because he was prosecuting appellant at the same time he was representing the City which initiated the charges against her.

We have recognized that a special assistant solicitor is not automatically disqualified because of his simultaneous representation of an interested person. *State v. Addis, supra.* Disqualification occurs when a special assistant solicitor attempts to use his authority in the criminal action to the advantage of his civil client, or otherwise

compromises his neutrality in the criminal proceeding. *Jones v. Richards*, 776 F. (2d) 1244 (4th Cir. 1985). Nothing in this record suggests any improper motives or action on Gonzales' part.

Although we find no error in this case, we express our disapproval of the practice of appointing private counsel to prosecute criminal cases. Because of the increased possibility of a conflict when private counsel is involved, we believe the practice should be discouraged.

Affirmed.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.