## 23292

The STATE, Respondent v. Jeffrey Lyn BOYS, Appellant.

(397 S.E. (2d) 529)

Supreme Court

*T.H. David, III, George M. McFaddin, Jr.,* Sumter and *S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr., Amie L. Clifford,* Columbia and *Sol. Wade S. Kolb, Jr.,* Sumter, *for respondent.*

Heard Sept. 24, 1990.

Decided Oct. 29, 1990.

TOAL, Justice:

Jeffrey Lyn Boys was convicted of murder, criminal conspiracy and possession of a weapon during a violent crime. We affirm.

The evidence in the record reveals that on October 17, 1988, Boys, his codefendant Edward Welch, and Jason Ragan devised a plan to "scare" the victim Patrick Ard. Patrick had supposedly told the police that Boys and Ragan had been involved in a burglary. They called Patrick and told him that they were going to rob a house and then run away. They told Patrick to bring his clothes to run away. The boys took a shotgun and one shell from Ragan's house to "scare" Patrick.

After picking up Patrick, the boys told him that there was supposed to be a safe in the house they were going to rob. They asked Patrick if he knew of a secluded place where they could dump the safe. Patrick then directed them to a pond in a secluded area. Once they arrived, they walked out onto a pier. Boys carried the shotgun with him. As they turned to walk back to the car, Patrick was in the lead. He turned around and saw Boys pointing the gun at him. He asked Boys what he was doing and Boys responded that he was just playing around. When Patrick started walking again, Boys shot him in the back.

After he had fallen, Patrick raised himself up on his elbow and asked why Boys had shot him. Boys replied that he had to because Patrick had told on them. Welch and Boys began yelling at Ragan to push Patrick in the water. Ragan squat-

ted down next to Patrick and, hearing his blood running into the water beneath the pier, asked him to please get into the water. Welch began kicking and pushing Patrick in the water. Ragan put his foot on Patrick to push him, but his foot slipped down Patrick's leg. After they pushed him in the water, Patrick grabbed onto a pole. Welch got the shotgun and hit Patrick in the head with the butt of the gun until he slipped into the water. Patrick's body was found on the pier two days later.

Welch and Boys were tried jointly. Welch, Boys and Ragan testified as to the events surrounding Patrick's death. Boys' defense was simple negligence. Boys and Welch were both convicted. This appeal involves only the conviction of boys.

## DISCUSSION

### 1. Motion for a Severance

Boys contends that the trial court erred in denying his motion for a severance. We disagree.

Criminal defendants who are jointly tried for murder are not entitled to separate trials as a matter of right. *State v. Holland,* 261 S.C. 488, 201 S.E. (2d) 118 (1973); *State v. Crowe,* 285 S.C. 258, 188 S.E. (2d) 379 (1972). Motions for a severance and separate trial are addressed to the discretion of the trial court. *State v. Chaffee,* 258 S.C. 21, 328 S.E. (2d) 464 (1984). Absent a showing of an abuse of discretion, this Court will not disturb the trial court's ruling on appeal. *State v. Thompson,* 279 S.C. 405, 308 S.E. (2d) 364 (1983).

The evidence in the record reveals that neither defendant was prejudiced by the joint trial. Both testified that Boys shot Patrick and that Welch pushed him into the water and hit him with the shotgun. Welch's testimony did not implicate Boys any further than Boys' own testimony. Therefore, we find that the trial court did not abuse his discretion in denying the motion for a severance.

### 2. Boys' Confession

Boys contends that the trial court erred in allowing the State to present testimony concerning Boys' confession on the grounds that it was not voluntarily made. We disagree and note at the outset that testimony concerning Boys' confession was not offered during the State's case, but

rather for purposes of impeachment after Boys had testified on his own behalf.

When Boys was arrested by an investigator he was advised of his rights. He told the officer that his mother had told him that he needed a lawyer and not to say anything. The officer told Boys that he was 17 years old and that he could make up his own mind. Boys said that he wanted to talk and that he wanted to be the one to tell him about it. When the officer asked him what he meant by "the one," Boys replied that there were three of them. Boys stated that Ragan and Welch were also there. The officer told him that he needed a lawyer and to quit talking. Boys then stated that they shot him and threw him in the water. The officer replied that Patrick was on the pier. Boys said that he must have lived and crawled out.

The test for determining the admissibility of a statement is whether it was knowingly, intelligently and voluntarily given under the totality of the circumstances. *State v. Peake*, 291 S.C. 138, 352 S.E. (2d) 487 (1987).

The trial judge found that the statements were admissible under this test. He reasoned that according to the officer's testimony, Boys never requested an attorney, but simply stated his mother wanted him to get one. The trial court also noted that there was no interrogation by the officers and that the statements were volunteered by Boys. Boys' own testimony supports this finding. On cross-examination, Boys stated twice that the officer told him to be quiet and not say anything else until he got a lawyer.

We find that under the totality of the circumstances, the statements were made freely and voluntarily.

### 3. *Improper Argument*

Boys contends the trial court erred in failing to declare a mistrial when the Solicitor made an improper statement in his closing argument. While we agree the statement was improper, we find that it was harmless beyond a reasonable doubt.

During the Solicitor's closing argument, he described how the three boys had planned to hurt Patrick and the discussion Welch and Boys had had with another friend, Kenny, earlier in the afternoon.

What about what Kenny told you? Kenny Jones. When he picked Edward and Jeff up, and they planned it. They talked about how it had to go tonight. They had a slug with Pat's name on it. And they rode around and they drank beer, and they planned it that Monday night. If you had been sitting in that car with a television camera in that car, would you have any question? So Kenny thought they were teasing. I can understand that. I mean a 17-year-old starts planning a murder. He didn't think it was serious. He didn't know they had ever murdered anybody before, so they planned it riding around in that automobile.

Boys contends this statement was not supported by the evidence, was improper, and, therefore, the trial court erred in denying Boys' motion for a mistrial on the grounds that it was not prejudicial or reversible.

The State contends that this was a brief remark which was overshadowed by the overwhelming evidence of Boys' guilt. We agree. Boys failed to prove that the remark resulted in prejudice. Boys had admitted during his testimony that he had shot Patrick in the back. In addition, the jury was instructed that they were only to consider evidence presented during the trial. Furthermore, a review of the entire argument reveals that the Solicitor was merely trying to explain why Kenny did not think that Boys and Welch were serious about carrying out their murderous plan. Therefore, we find that the trial court did not abuse his discretion in denying the motion for a mistrial.

### 4. *Jury Instructions*

Boys contends the trial court erred in defining murder, manslaughter and involuntary manslaughter twice, while only defining simple negligence once.

The trial court rejected this contention and stated that he had instructed the jury on the defense of accident twice— once as requested by defense counsel and once according to the court's own charge.

Boys bases his argument on the prohibition against a judge intimating his opinion about the case. Upon review of the entire charge, we find that these instructions do not constitute a comment on the guilt of the accused.

For the reasons discussed above, the lower court is affirmed.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.