481 S.E.2d 118

**The STATE, Respondent,**

v.

**Artamus B. NICHOLS, Appellant.**

**No. 24557.**

Supreme Court of South Carolina.

Heard Sept. 17, 1996.

Decided Jan. 20, 1997.

Rehearing Denied Feb. 25, 1997.

116

James C. Cox, Jr., and Gerald Malloy, both of Saleeby & Cox, P.A., Hartsville; and F. Patrick Hubbard, Columbia, for Appellant.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, Columbia; and Solicitor C. Gordon McBride, of Darlington, for Respondent.

TOAL, Acting Chief Justice:

Appellant, Artamus Nichols, was indicted for murder and criminal conspiracy. A jury found him guilty of voluntary manslaughter and criminal conspiracy. Appellant and his co-defendant, Faye Huggins, were both sentenced to concurrent terms of 25 years for manslaughter and five years for conspiracy. Appellant raises numerous issues on appeal. We reverse.

### FACTUAL/PROCEDURAL BACKGROUND

Appellant was convicted of fatally shooting his co-defendant's husband. Appellant and the victim's wife, Faye Huggins, had an affair of which the victim was aware. Appellant claimed the affair ended months before the shooting. However, the victim believed the affair was on going. On the night of the killing, Mr. and Mrs. Huggins drove to appellant's trailer on an isolated farm around 10:00 p.m. Appellant saw the truck coming down his driveway and heard the occupants' voices. He retrieved his gun from inside the trailer. Appellant ordered them to leave and argued with the victim who was in the passenger's seat. Appellant went around to the passenger side of the truck and continued arguing with the victim. Appellant claimed he saw a shiny object in the victim's hand and he thought it was a gun. Appellant immediately shot the victim at close range. Appellant does not deny shooting the victim, but claims it was done in self-defense.

### LAW/ANALYSIS

**A. JURY INSTRUCTIONS**

**1. SELF DEFENSE**

Appellant asserts the trial judge's instructions on the law of self-defense were inadequate under *State v. Fuller*, 297

S.C. 440, 377 S.E.2d 328 (1989).[1] The judge instructed the jury solely on the common-law elements of self-defense. Defense counsel objected and requested additional instructions on: 1) the right to act on appearances; 2) relevance of prior difficulties; and 3) that a person does not have to wait before acting in self-defense. The trial court refused to give further instructions. Appellant contends this was reversible error. We agree.

 In *Fuller*, this Court held it was error for the trial judge to give the *State v. Davis*[2] common-law instruction as an exclusive self-defense charge when defendant's counsel repeatedly requested additional charges. The *Davis* charge was not intended to be the exclusive charge for self-defense. *Fuller*, 297 S.C. at 443, 377 S.E.2d at 330. Trial courts have been instructed to consider the facts and circumstances of the case at hand to fashion an appropriate charge. In *Fuller*, as in this case, the appellant was entitled to a charge on the right to act on appearances because appellant testified he thought he had seen a shiny object in the victim's hand. *State v. Jackson*, 227 S.C. 271, 87 S.E.2d 681 (1955). The evidence also showed there had been prior difficulties between appellant and the victim including an instance where Mr. Huggins pointed a rifle at appellant. Appellant was entitled to a charge on the relevance of prior difficulties. *State v. Hendrix*, 270 S.C. 653, 244 S.E.2d 503 (1978) (prior bad blood, intoxication and prior threats by deceased relevant to defendant's reasonable apprehension of bodily harm). Further, appellant was entitled to a charge that he did not have to wait before acting in self-defense. *State v. Rash*, 182 S.C. 42, 188 S.E. 435 (1936). Appellant testified he thought he saw a gun in the victim's hand and did not wait for Mr. Huggins to fire or aim at him.

 The State asserts that because appellant did not ask for these specific self-defense instructions at the charge conference, it was too late for him to request them after the jury instructions were given. The State points to *State v.*

---

1. We denied the State's motion to argue against the precedent of *State v. Fuller.*

2. 282 S.C. 45, 317 S.E.2d 452 (1984).

*Williams,* 319 S.C. 54, 459 S.E.2d 519 (Ct.App.1995). In *Williams,* the Court of Appeals found the trial court did not commit error by refusing to give a requested charge where no specific request was made at the charge conference and counsel interrupted the judge after he began instructing the jury. *Williams* is distinguishable because the party requesting the charge had affirmatively agreed with the trial court regarding the instructions the court planned to give the jury. It was after the trial court began giving the instructions that counsel for Williams interrupted the judge and requested for the first time an instruction on the law of self-defense. We do not hold that a party cannot ask for further instructions after the charge conference. *See* Rule 20(b), SCRCrimP. Appellant is entitled to a new trial based on the court's refusal to give a complete self-defense charge.

### 2. VOLUNTARY MANSLAUGHTER

█ Appellant contends his conviction should be reversed because the judge erred in charging the jury on voluntary manslaughter. Appellant claims he was prejudiced by the charge because it provided the jury with a compromise verdict even if they had reasonable doubt of his guilt.

█ Voluntary manslaughter is the intentional killing of a human being in the sudden heat of passion resulting from a sufficient legal provocation. *State v. Davis,* 278 S.C. 544, 298 S.E.2d 778 (1983). Self-defense and voluntary manslaughter are not mutually exclusive and should both be submitted to the jury if supported by the evidence. *State v. Gilliam,* 296 S.C. 395, 373 S.E.2d 596 (1988). Viewing the evidence in the light most favorable to appellant, there was evidence from which the jury could find appellant guilty of voluntary manslaughter. The trial judge did not err in instructing the jury on the law based on the evidence presented.

### 3. SUPPLEMENTAL JURY INSTRUCTIONS

█ After deliberation began, the jury asked the court to clarify the law regarding murder, voluntary manslaughter and conspiracy. The court replayed the court reporter's tape of those portions of the charge, but did not include the self-defense instructions. Appellant's counsel objected to the lim-

ited recharge. The court declined to recharge self-defense since the jury did not specifically ask for clarification on the law of self-defense. When a jury requests an additional charge, it is sufficient for the court to charge only those matters necessary to answer the jury's request. *State v. Barksdale*, 311 S.C. 210, 428 S.E.2d 498 (Ct.App.1993). We find no error here.

### B. PROSECUTOR'S USE OF PRIVATE ATTORNEYS

Appellant asserts it was unconstitutional to allow the solicitor to use three private attorneys hired by the victim's family to prosecute this case. At the beginning of the trial, appellant objected to the solicitor's decision. The court overruled appellant's objection and refused to prohibit the private attorneys from assisting the solicitor.

Private counsel's participation in a trial to assist the solicitor has been sanctioned in *State v. Mattoon*, 287 S.C. 493, 339 S.E.2d 867 (1986); *State v. Addis*, 257 S.C. 482, 186 S.E.2d 415 (1972); *State v. Lee*, 255 S.C. 309, 178 S.E.2d 652 (1971); and *State v. Gregory*, 172 S.C. 329, 174 S.E. 10 (1924).

In *State v. Addis*, 257 S.C. at 487–88, 186 S.E.2d at 417, we declined to find error in the allowance of a private attorney's participation in a criminal trial. The trial court has discretion to allow the solicitor to have the assistance of counsel employed by the prosecuting witness or other person interested in securing a conviction with the consent of the solicitor. *Id.* A special assistant solicitor is not automatically disqualified because of his simultaneous representation of an interested party. Disqualification occurs when a special assistant solicitor attempts to use his authority in the criminal action to the advantage of his civil client or otherwise compromises his neutrality in the criminal proceeding. *State v. Mattoon*, 287 S.C. at 494–95, 339 S.E.2d at 869. There is no evidence the private attorneys who acted as special assistant solicitors here stood to gain an unfair advantage in the civil matter as frowned upon in *In re Jolly*, 269 S.C. 668, 239 S.E.2d 490 (1977). Further, the solicitor maintained control of the case. We do not find error in the use of private attorneys here.

### C. ADMISSION OF TAPE RECORDINGS AND TRANSCRIPTIONS

██ Appellant contends the trial court erred in admitting tape recordings and transcriptions of phone conversations. He objected to their admission because: 1) the tapes had not been properly authenticated and there was a lack of proper foundation; and 2) the tapes were made illegally. The court denied appellant's request. The recordings were played for the jury and the transcriptions were given to the jury at the jury's request.

Any alleged error in admitting the tape recordings was harmless. The evidence was overwhelming that appellant and Faye Huggins were having an affair. Neither denied having an illicit relationship. Appellant identified the recorded voices and the time frame. Appellant admitted the recordings were made both during their affair and after it had ended. Therefore, any alleged error in admitting the tape recordings and transcriptions was harmless considering the overwhelming evidence of their relationship. *Martin v. Floyd*, 285 S.C. 229, 328 S.E.2d 637 (1985).

### D. ADMISSION OF EVIDENCE

██ Appellant insists the cumulative impact of admitting certain improper evidence prejudiced his case. First, appellant asserts it was inadmissible hearsay to allow testimony of the victim's son that he heard a tape-recorded conversation between appellant and Faye Huggins where appellant said he had "a special bullet just to kill [victim] with." The witness identified the voice of appellant as a participant in the conversation. The statement was properly admitted as a declaration made by one accused of a crime and is admissible against him. *State v. Plyler*, 275 S.C. 291, 270 S.E.2d 126 (1980).

██ Appellant claims it was error to allow testimony from the State's experts as to the alcohol level of the victim and the statutory standard for an inference of being under the influence of alcohol. This exception is not preserved for review because appellant simply made a general objection during the experts' testimony without giving the specific ground. An issue may not be raised for the first time on appeal, but must have been raised to the trial judge to be preserved for appellate review. *State v. Hudgins*, 319 S.C.

233, 460 S.E.2d 388 (1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 821, 133 L.Ed.2d 764 (1996) (objection must be on specific ground).

 Appellant asserts it was improper to have evidence repeated that had already been introduced and to allow hearsay testimony of statements attributed to the victim. On cross-examination, Officer Cook was asked to read the divorce complaint that accused Faye Huggins of having adulterous relationships including one with appellant. The divorce complaint had previously been introduced without objection. We find admission of this evidence was not prejudicial considering it was cumulative to other evidence and appellant admitted having an adulterous relationship with Huggins. *See State v. Wilson,* 296 S.C. 73, 370 S.E.2d 715 (1988).

 Appellant maintains the court erred in permitting the State on redirect to question a witness as to why she thought appellant was lying about ending his relationship with Faye Huggins. Once appellant initiated the questioning concerning whom appellant was seeing at the time, the State was free to question her as to the details. *State v. Stroman,* 281 S.C. 508, 316 S.E.2d 395 (1984). The scope of redirect rests in the discretion of the trial court. *Id.* The trial court properly admitted the testimony that was cumulative to other evidence that appellant continued to have contact with Faye.

 Appellant asserts the court should have excluded three photographs of the victim's face because they were unduly inflammatory and prejudicial. The State contends the photographs were properly introduced to corroborate the experts' testimony of the angle and distance from which the victim was shot and to show the residue on the victim's eyelids suggesting his eyes were closed when he was shot. Admissibility of photographs into evidence is within the sound discretion of the trial judge. *State v. Matthews,* 296 S.C. 379, 373 S.E.2d 587 (1988), *cert. denied,* 489 U.S. 1091, 109 S.Ct. 1559, 103 L.Ed.2d 861 (1989). If the offered photographs serve to corroborate testimony, it is not an abuse of discretion to admit them. *State v. Nance,* 320 S.C. 501, 466 S.E.2d 349 (1996). The photographs are not unduly gruesome nor prejudicial considering the insignificant amount of blood and the material purpose for their introduction. Compare *State v. Patrick,* 289

S.C. 301, 345 S.E.2d 481 (1986) (autopsy photographs with considerable blood and no material purpose), *overruled in part on other grounds by Casey v. State*, 305 S.C. 445, 409 S.E.2d 391 (1991).

### E. DIRECTED VERDICT MOTION

 Appellant urges the trial judge erred in denying his motion for a directed verdict on the ground that the evidence did not support the verdict. In reviewing the refusal to grant a directed verdict motion, the evidence is viewed in the light most favorable to the State and if there is any direct or any substantial circumstantial evidence, reasonably tending to prove the guilt of the accused, this Court must find that such issues were properly decided by the jury. *State v. Venters*, 300 S.C. 260, 387 S.E.2d 270 (1990). In ruling on a motion for a directed verdict, a trial judge is concerned only with the existence of evidence, not with its weight. *Id.* The State presented sufficient evidence to substantiate submitting appellant's case to the jury for determination. The trial judge did not err in denying appellant's motion for a directed verdict.

### F. SEPARATE TRIALS

 Appellant contends the trial judge abused his discretion by denying his motion for a separate trial. Appellant moved for a separate trial before the start of the trial. Appellant asserts the presence and demeanor of the co-defendant had a negative influence on his defense. Criminal defendants who are jointly tried for murder are not entitled to separate trials as a matter of right. *State v. Boys*, 302 S.C. 545, 397 S.E.2d 529 (1990). Motions for a severance and separate trial are addressed to the discretion of the trial court. *Id.* Absent a showing of an abuse of discretion, this Court will not disturb the trial court's ruling on appeal. *Id.* Appellant failed to demonstrate the trial judge abused his discretion in denying his motion for a separate trial.[3]

---

3. Appellant is not barred from making a severance motion upon retrial.

## G. INCONSISTENT VERDICTS

Appellant asserts he is entitled to a new trial because the verdicts of conspiracy to murder and voluntary manslaughter are inconsistent. He alleges the verdicts are inconsistent because it is not possible to find appellant conspired to murder Mr. Huggins while also finding he did not murder him. This issue is without merit since this Court has abolished the rule prohibiting inconsistent verdicts. *State v. Alexander*, 303 S.C. 377, 401 S.E.2d 146 (1991). Furthermore, conspiracy and manslaughter are not inconsistent. It is not mandatory that the purpose of the conspiracy be accomplished to establish the existence of the conspiracy. *State v. Greuling*, 257 S.C. 515, 186 S.E.2d 706 (1972).

Finally, the remaining issues raised by appellant are not preserved for review since appellant failed to object during trial or join in his co-defendant's objections. *State v. Carriker*, 269 S.C. 553, 238 S.E.2d 678 (1977) (appellant may not use the objection of another defendant to gain review).

### CONCLUSION

We reverse appellant's conviction and remand based on the error pursuant to *State v. Fuller*, 297 S.C. at 443–44, 377 S.E.2d at 330–31.

**REVERSED.**

MOORE, WALLER, and BURNETT, JJ., and DONALD W. BEATTY, Acting Associate Justice, concur.