THIS OPINION HAS NO 
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY 
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Brandon Leandre Brown,       
Appellant.
 
 
 

Appeal From Florence County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2004-UP-358
Submitted March 19, 2004  Filed June 
 4, 2004  

AFFIRMED

 
 
 
Senior Assistant Appellate Defender Wanda H. Haile of SC Office 
 of Appellate Defense, of Columbia, for  Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, 
 Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and 
 Solicitor E.L. Clements, of Florence, for Respondent.
 
 
 

PER CURIAM:  Brandon Leandre Brown appeals 
 from his conviction and sentences for first-degree criminal sexual conduct with 
 a minor and for transmitting a sexual disease. [1]  

1.       We find no error in the trial courts 
 refusal to direct a verdict of acquittal on the indictment charging Brown with 
 transmitting a sexual disease.  When reviewing the denial of a directed verdict 
 motion, the court of appeals must view the evidence and all reasonable inferences 
 in the light most favorable to the State.  State v. Morgan, 352 S.C. 
 359, 574 S.E.2d 203 (Ct. App. 2002).  If there is any direct evidence or any 
 substantial circumstantial evidence reasonably tending to prove the guilt of 
 the accused, an appellate court must find the case was properly submitted to 
 the jury.  State v. Patterson, 337 S.C. 215, 522 S.E.2d 845 (Ct. App. 
 1999).  The evidence supported the finding that the victim in this case contracted 
 gonorrhea from Brown.
2.       We need not address the issue of whether 
 the trial court erred in admitting Browns second statement in evidence because 
 the police did not repeat the Miranda warnings to Brown prior to his 
 giving the statement.  The issue is not preserved for appellate review because 
 Brown never specifically raised the issue to the trial court and never received 
 an explicit ruling upon it.2  See State v. Nichols, 325 S.C. 111, 
 120, 481 S.E.2d 118, 123 (1997) ([An] exception is not preserved for review 
 because appellant simply made a general objection during the experts testimony 
 without giving the specific ground.  An issue may not be raised for the first 
 time on appeal, but must have been raised to the trial judge to be preserved 
 for appellate review.); see also Noisette v. Ismail, 304 S.C. 
 56, 403 S.E.2d 122 (1991) (holding that where the circuit court did not explicitly 
 rule on an argument the issue was not properly before the court of appeals and 
 should not have been addressed by it). 
AFFIRMED.
GOOLSBY, HOWARD, and BEATTY, JJ., concur.

 
 [1] 
 We decide this case without oral argument pursuant to Rules 215 
 and 220(b)(2), SCACR.

 
 2   Although we do not address the 
 issue of whether the interrogating officer should have repeated to Brown the 
 Miranda warnings given him three hours and thirty-nine minutes before 
 he gave the second statement, other courts have held that repeated warnings 
 are not necessary to a finding that a defendant knowingly and intelligently 
 waived them in similar instances.  See United States v. Frankson, 
 83 F.3d 79 (4th Cir. 1996) (two and one-half hours); Jarrell v. Balkcom, 
 735 F.2d 1242 (11th Cir. 1984) (three hours); Commonwealth v. Silanskas, 
 746 N.E.2d 445 (Mass. 2001) (two hours); Bush v. State, 461 So. 2d 
 936 (Fla. 1984) (eleven hours); Fagan v. State, 412 So. 2d 1282 (Ala. 
 Crim. App. 1982) (three and one-half hours).  We also note that here the officer 
 reminded Brown of his rights before obtaining a second statement from him 
 and Brown appeared to have an understanding of his rights at that time.  See 
 State v. Smith, 259 S.C. 496, 192 S.E.2d 870 (1972) (wherein the supreme 
 court held the question of whether Miranda warnings should be repeated 
 at a later stage of interrogation after having been once given must be determined 
 on the basis of the facts and circumstances surrounding each case).