THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(D)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Eric Simpson, Appellant.
 
 
 

Appeal From Spartanburg County
 J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2006-UP-069
Submitted January 1, 2006  Filed February 2, 2006    

AFFIRMED

 
 
 
 Jeffrey Falkner Wilkes and Joseph J. Watson, of Greenville, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General David A. Spencer, all of Columbia; and Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Eric Simpson appeals a conviction of trafficking in crack cocaine, arguing, inter alia, that the trial court erred in admitting testimony that implied Simpson was a high-level drug trafficker.  We affirm.[1] 
FACTS
In August 2002, agents from the South Carolina Department of Probation, Parole, and Pardon Services served a probation warrant on Sharon Smith at her documented residence.  Several minutes after knocking on the front door, the agents were met by Vernon Mormon, Smiths live-in boyfriend, who granted the agents permission to enter and told them Smith was in the back bedroom.  After a brief struggle, during which Smith attempted to hold the bedroom door closed, the agents apprehended Smith.  In her hand was a pipe containing a partially smoked rock of crack cocaine.  Behind the bedroom door, agents found three rifles.
After finding the firearms, the agents performed a security search of the residence.  The search yielded small baggies of crack cocaine in both the hallway and near the entrance to a bathroom.  An agent entered the bathroom and spotted a third baggie of crack cocaine and some money lying in a clothes hamper.  In total, over 18 grams of crack cocaine were found in close proximity of the bathroom.  After noticing a pair of shoes under the shower curtain, the agent found Eric Simpson hiding in the bathrooms shower.  Both Simpson and Smith were arrested.
Simpson was subsequently indicted by a Spartanburg grand jury for trafficking in crack cocaine and tried by a jury in December 2004.  At trial, the State presented Smiths testimony to establish the crack cocaine found in the residence belonged to Simpson.  According to Smith, Simpson, her regular crack cocaine dealer, stopped by that evening to sell Smith some crack cocaine shortly before the agents arrived to execute the warrant.  Smith testified that, as a mere user, she would never have that amount of crack cocaine in her possession.  She acknowledged, however, that earlier that evening she purchased a small amount of the drug from another neighborhood dealer, which she promptly consumed to tide [her] over until Simpson arrived. 
Simpson was convicted and sentenced to ten years incarceration.  This appeal followed.
LAW / ANALYSIS
1. Rule 404(b), SCRE
Simpson contends the trail court erred in admitting evidence that implied he was a high-level trafficker, arguing such implication is a violation of Rule 402 and Rule 404(b), SCRE.  We find this issue is not preserved for appellate review.
At trial, Doug Harwell, a narcotics officer for the Spartanburg Department of Public Safety, testified generally to the amount of drugs typically carried by different levels of drug traffickers.  Defense counsel objected on the grounds the officer was not qualified to give expert testimony.  This objection was later withdrawn.
An issue may not be raised for the first time on appeal, but must have been raised to the trial judge to be preserved for appellate review.  State v. Nichols, 325 S.C. 111, 120-121, 481 S.E.2d 118, 123 (1997).  Where an objection and the ground therefor is not stated in the record, there is no basis for appellate review.  State v. Morris, 307 S.C. 480, 485, 415 S.E.2d 819, 823 (Ct. App. 1991).  The objection should be sufficiently specific to bring into focus the precise nature of the alleged error so that it can be reasonably understood by the trial judge. State v. Holliday, 333 S.C. 332, 338, 509 S.E.2d 280, 283 (Ct. App. 1998) (quoting McKissick v. J.F. Cleckley & Co., 325 S.C. 327, 344, 479 S.E.2d 67, 75 (Ct. App. 1996)).
Not only was the objection to the testimony in question withdrawn, it was based on entirely different grounds as those raised in Simpsons appellate brief.  Because there was no contemporaneous objection to this testimony on the grounds asserted on appeal, we conclude this issue is not preserved for our review.
2. Hearsay Testimony
Simpson also argues the trial court erred in admitting testimony from Officer Harwell relating to his prior experiences with user-level drug addicts because the testimony was hearsay.  Again, we find this issue is not preserved for appellate review.
The subject of Harwells experience dealing with drug addicts was first raised by the defense on cross-examination.  The issue was addressed again briefly by the State on re-direct, but the defense made no objection on the ground of hearsay.  For the reasons discussed in section one, we conclude this issue is likewise not preserved for our review.
The ruling of the trial court is therefore
AFFIRMED.
STILWELL, KITTREDGE, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.