THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
John Tamorris McClure, Appellant.
 
 
 

    

Appeal from York County
Lee S. Alford, Circuit Court Judge

Unpublished Opinion No. 2006-UP-260
Submitted May 1, 2006  Filed May 23, 2006
   

 AFFIRMED
   

 
 
 
Hemphill P. Pride II, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Shawn L. Reeves, all of Columbia; and Solicitor Thomas E. Pope, of York, for Respondent.
 
 
 

PER CURIAM: John Tamorris McClure appeals his conviction for possession with intent to distribute crack cocaine.  We affirm.[1]
Facts
On April 22, 2004, the Multi-Jurisdictional Drug Enforcement Unit (the Unit) executed a search of a mobile home located at 2447 Holly Road in York County, South Carolina and the immediate surrounding area.  Prior to that date, the Unit had received complaints of drug activity in that area, which made Holly Road an area of interest.  After a police informant made a crack cocaine purchase at the mobile home on Holly Road, the officers noticed further suspicious activity.  Several individuals were seen coming and going, persons driving up and staying less than five minutes, meeting with other persons and then leaving, which is consistent with drug activity. Further, the officers noticed that in the afternoons, people would gather on both sides of the street near the home.  
Based on the information obtained from their observations and informant, the officers of the Unit obtained a search warrant for the mobile home. The Unit planned a surveillance of the grassy lot directly across the street.  Consensual encounters were to be conducted with people on the grassy lot.  During the search, McClure was seated in a car in the grassy lot across the street. While two teams from the Unit went into the house, two other officers parked, without blocking in McClure, and ran over to the vehicle in which McClure was in the drivers seat.  The officers testified to seeing drugs in the car as they approached the vehicle.  Everyone in the car was detained and searched.
McClure was indicted for possession with intent to distribute crack cocaine.  Although the court agreed with McClure that the search of the car and the seizure of the crack cocaine had been completed without a search warrant, the court found the evidence fell within the plain view exception.  After conviction by a jury, the trial judge sentenced McClure to fifteen years, plus a $50,000 fine.  Further, the judge revoked McClures probation related to a previous conviction, thereby adding nine years to his fifteen year sentence.
Standard of Review
In criminal cases, the appellate court sits to review errors of law only. State v. Wilson, 345 S.C. 1, 545 S.E.2d 827 (2001).  The appellate court is bound by the trial courts factual findings, including preliminary factual findings in determining the admissibility of certain evidence in criminal cases, unless they are clearly erroneous.  Wilson, 245 S.C. at 5, 545 S.E.2d at 829.
The appellate standard of review in Fourth Amendment search and seizure cases is limited to determining whether any evidence supports the trial courts finding.  State v. Pichardo, 367 S.C. 84, 623 S.E.2d 840 (Ct. App. 2005).  The trial judges factual findings on whether evidence should be suppressed due to a Fourth Amendment violation are reviewed for clear
error. State v. Baccus, 367 S.C. 41, 625 S.E.2d 216 (2006); see also State v. Brockman, 339 S.C. 57, 66, 528 S.E.2d 661, 665-66 (2000) (noting a private search is a question of fact and the trial courts ruling will be reversed only if there is clear error).  The appellate court may only reverse where there is clear error.  Pichardo, 367 S.C. at 95, 623 S.E.2d at 846.  The clear error standard means that an appellate court will not reverse a trial courts finding of fact simply because it would have decided the case differently.  Easley v. Cromartie, 532 U.S. 234 (2001); Pichardo, 367 S.C. at 96, 623 S.E.2d at 846.  Rather, the appellate court must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed.  Id.
An appellate court must affirm the trial courts ruling if there is any evidence to support the ruling.  Pichardo, 367 S.C. at 96, 623 S.E.2d at 846.
Discussion
During a pretrial hearing, McClure moved to suppress the crack cocaine and other items found in his possession on the night of April 22, 2004.  After the motion for suppression was heard and in camera testimony was proffered, the judge denied the motion to suppress the evidence.  The judge elucidated: I [am] allowing it in. When it [is] offered into evidence, obviously then you can just simply make an objection, just note my objection and I [will] do that at the time. Make sure it [is] protected on the record.  When the evidence was later introduced, McClure did not object.  McClure did not object: (1) to Commander Marvin Browns testimony concerning the drugs he found in McClures possession; or (2) when the State entered as evidence the metal box containing drugs found in McClures lap, the saucer found at McClures feet, or the drugs found both in the metal box and at McClures feet.
An in limine ruling is not final and does not preserve an issue for appeal.  State v. Hughes, 336 S.C. 585, 591, 521 S.E.2d 500, 503 (1999).  An issue is not preserved for appeal if trial counsel fails to make a contemporaneous objection to the entry of evidence when the evidence is presented at trial.  State v. Wannamaker, 346 S.C. 495, 499, 552 S.E.2d 284, 286 (2001).  No issue may be raised for the first time on appeal, instead it must have been raised at trial in order to preserve the issue for appeal.  State v. Nichols, 325 S.C. 111, 481 S.E.2d 118 (1997).  Because McClure failed to object to the entry of evidence at the time the State introduced the evidence at trial, he is precluded from raising this issue on appeal.  Thus, this issue is not preserved for our review.
Conclusion
Accordingly, McClures conviction and sentence are
 AFFIRMED.
HEARN, C.J., GOOLSBY, and ANDERSON, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.