**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Stacy Carol Riden, Appellant.

Appellate Case No. 2016-000234

---

Appeal From Pickens County
Perry H. Gravely, Circuit Court Judge

---

Unpublished Opinion No. 2019-UP-020
Heard December 3, 2018 – Filed January 9, 2019

---

**AFFIRMED**

---

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia, and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

---

**PER CURIAM:** Stacy Carol Riden appeals her convictions of two counts of criminal sexual conduct with a minor (CSCM) in the first degree, one count of

CSCM in the third degree, and one count of unlawful conduct toward a child.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to the redaction of the victims' interviews:  *State v. Whitner*, 399 S.C. 547, 559, 732 S.E.2d 861, 867 (2012) (addressing bolstering testimony as having "the forensic interviewer, improperly imbued with the imprimatur of an expert witness, invade the province of the jury by vouching for the credibility of the alleged victim"); *Briggs v. State*, 421 S.C. 316, 324, 806 S.E.2d 713, 717 (2017) (stating improper bolstering occurs when a witness gives "an opinion for the purpose of conveying to the jury—directly or indirectly—that [he or] she believes the victim"); *State v. Blackburn*, 271 S.C. 324, 329, 247 S.E.2d 334, 337 (1978) ("Under settled principles, the admission of improper evidence is harmless where it is merely cumulative to other evidence.").

2.      As to the qualification of an expert in child sexual abuse dynamics:[1] *State v. Myers*, 301 S.C. 251, 255, 391 S.E.2d 551, 554 (1990) (stating the qualification of an expert witness is a matter within the trial court's sound discretion); *State v. Grubbs,* 353 S.C. 374, 379, 577 S.E.2d 493, 496 (Ct. App. 2003) (noting the trial court's decision regarding the admissibility of expert testimony will not be reversed on appeal absent an abuse of discretion); Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *State v. White*, 372 S.C. 364, 374-75, 642 S.E.2d 607, 612 (Ct. App. 2007) ("There is no abuse of discretion [in qualifying a witness as an expert] as long as the witness has acquired by study or practical experience such knowledge of the subject matter of his testimony as would enable him to give guidance and assistance to the jury in resolving a factual issue which is beyond the scope of the jury's good judgment and common knowledge."); *id*. at 375, 642 S.E.2d at 612 ("[D]efects in the amount and quality of the expert's education or

---

1 As to the subject matter of the expert's testimony: State v. Nichols, 325 S.C. 111, 123, 481 S.E.2d 118, 124 (1997) (finding issues raised by an appellant were not preserved for appellate review because the appellant failed to object during trial or join in his co-defendant's objections); State v. Jones, 423 S.C. 631, 636-37, 817 S.E.2d 268, 270-71 (2018) (affirming the trial court's qualification of an expert in child sex abuse dynamics and stating, "the law in South Carolina is settled: behavioral characteristics of sex abuse victims is an area of specialized knowledge where expert testimony may be utilized").

experience go to the weight to be accorded the expert's testimony and not to its admissibility.").

3.      As to the trial court's refusal to grant a motion for severance: *Nichols*, 325 S.C. at 122, 481 S.E.2d at 124 (noting a motion for a severance and separate trial is addressed to the sound discretion of the trial judge and the ruling will not be disturbed on appeal absent a showing of an abuse of discretion); *State v. Simmons*, 352 S.C. 342, 350, 573 S.E.2d 856, 860 (Ct. App. 2002) ("Where the offenses charged in separate indictments are of the same general nature involving connected transactions closely related in kind, place and character, the trial judge has the power, in his discretion, to order the indictments tried together if the defendant's substantive rights would not be prejudiced."); *State v. Jones*, 325 S.C. 310, 315, 479 S.E.2d 517, 519 (Ct. App. 1996) ("Offenses are considered to be of the same general nature where they are interconnected."); *State v. Walker*, 366 S.C. 643, 657, 623 S.E.2d 122, 129 (Ct. App. 2005) ("A severance should be granted only when there is a serious risk that a joint trial would compromise a specific trial right of a codefendant or prevent the jury from making a reliable judgment about a codefendant's guilt."); *State v. Halcomb*, 382 S.C. 432, 440, 676 S.E.2d 149, 153 (Ct. App. 2009) ("A defendant who alleges he was improperly tried jointly must show prejudice before an appellate court will reverse his conviction.").

**AFFIRMED.**

**HUFF, SHORT, and WILLIAMS, JJ., concur.**