**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Derrick Lamar Porter, Appellant.

Appellate Case No. 2018-000770

---

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2022-UP-173
Heard February 15, 2022 – Filed April 20, 2022

---

**AFFIRMED**

---

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia, and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

---

**PER CURIAM:** Derrick Lamar Porter appeals his convictions for attempted murder and possession of a weapon during the commission of a violent crime,

arguing the circuit court erred in refusing to charge the jury on prior difficulties between Porter and the victim, Fitzgerald Byas.  We affirm.

We agree with the circuit court that the evidence presented at trial did not support an instruction on prior difficulties between the parties.  First, the evidence relevant to this issue—the video of Porter's interview and Detective Jerry Jellico's testimony about the interview—concerned past difficulties between Porter's family and Byas's family, not between the two men themselves.  Detective Jellico testified that Porter admitted he and Byas had a history, and Jellico noted Porter believed Byas "was somehow or another involve[d] in his cousin's death."  When he interrogated Porter about the shooting, Detective Jellico summarized his understanding of the past family difficulties by stating: something happened "years ago," Byas's "younger brother did something to one of [Porter's] cousins," "that's been boiling all this time, since 2011," and any disagreement "was all over that thing from 2011."  These vague statements were insufficient to support a jury charge on prior difficulties between Porter and the victim.  *See Cook v. State*, 415 S.C. 551, 556, 784 S.E.2d 665, 667 (2015) ("The trial court must determine the law to be charged based on the evidence at trial." (quoting *State v. Smith*, 363 S.C. 111, 115, 609 S.E.2d 528, 530 (Ct. App. 2005)); *but see State v. Nichols*, 325 S.C. 111, 117, 481 S.E.2d 118, 121 (1997) (holding the circuit court erred in refusing to charge the jury on the relevance of prior difficulties between the defendant and the victim because the evidence established the defendant had an affair with the victim's wife and the victim previously pointed a gun at the defendant).

Moreover, State's Exhibit 16, the surveillance video footage from a nearby beauty store, primarily shows Porter and Byas shaking hands and talking.  The entire video is approximately seven minutes long.  About one minute and thirty seconds into the video, Porter pulls into the parking lot, and Byas pulls up about one minute later.  Around the three-minute mark, Porter exits the store and waits for Byas.  When Byas exits the store, the men approach each other, grasp hands, and begin talking.  Porter then follows Byas to his car and the two continue to talk; Byas leaves his driver's door open during this exchange.  The conduct of the two men in the video provides further support for the circuit court's finding that neither party presented evidence to support a charge on prior difficulties between Porter and the victim.  *See State v. Marin*, 415 S.C. 475, 482, 783 S.E.2d 808, 812 (2016) ("An appellate court will not reverse the trial judge's decision regarding a jury charge absent an abuse of discretion." (quoting *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010)); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law.").  Therefore,

we find the circuit court did not abuse its discretion in declining to instruct the jury on prior difficulties between the parties.

**AFFIRMED.**

**THOMAS, MCDONALD, and HEWITT, JJ, concur.**