**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Antly Jermaine Scott, Appellant.

Appellate Case No. 2022-000266

———————

Appeal From Orangeburg County
Edgar W. Dickson, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-152
Submitted March 1, 2025 – Filed April 30, 2025

———————

**AFFIRMED**

———————

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Julianna E. Battenfield, all of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, all for Respondent.

———————

**PER CURIAM:**  Antly Jermaine Scott appeals his convictions of attempted murder, first-degree burglary, and four counts of murder, and his concurrent sentences of thirty years' imprisonment for attempted murder, life imprisonment for first-degree burglary, and life imprisonment for each murder conviction.  On appeal, Scott argues the trial court erred in denying his motion to sever his trial from the trial of his two co-defendants—Robert Bailey and Luther Smith.  We affirm pursuant to Rule 220(b), SCACR.

We hold Scott's argument is not preserved for appellate review because the trial court never made a final on-the-record ruling on Scott's motion to sever.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].").  Further, we hold Scott's argument—an additional reason for severance was that a witness provided incriminating testimony against Bailey that prejudiced Scott through guilt by association—is also not preserved because Scott did not raise this to the trial court.  *See State v. Nichols*, 325 S.C. 111, 120, 481 S.E.2d 118, 123 (1997) ("An issue may not be raised for the first time on appeal, but must have been raised to the trial [court] to be preserved for appellate review."); *State v. Harris*, 351 S.C. 643, 652, 572 S.E.2d 267, 272 (2002) (holding a motion to sever issue was not preserved because the defendant did not base his initial motion upon the issue raised on appeal).

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.